527 So.2d 1088 (1988)
PARISH OF EAST BATON ROUGE
v.
Florence Hobgood HAYS; John P. Hobgood; Edward C. Hobgood; Bill A. Hobgood, Jr.; Herbert W. Hobgood.
No. CA 87 0768.
Court of Appeal of Louisiana, First Circuit.
June 21, 1988.
William T. Lowrey, Jr., Baton Rouge, for East Baton Rouge Parish.
Ashton L. Stewart, Baton Rouge, for Florence Hobgood Hays, John P. Hobgood, Edward C. Hobgood, Bill A. Hobgood, Jr. and Herbert W. Hobgood.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
LOTTINGER, Judge.
The issue in this case is whether attorney fees sought in an expropriation suit after severance damages are awarded by the appellate court are barred by the peremptory exception raising the objection of res judicata. From a judgment denying the exception and awarding attorney fees, plaintiff appeals.

FACTS
This case is a sequel to East Baton Rouge Parish v. Hays, 498 So.2d 43 (La. App. 1st Cir.1986), writ denied, 501 So.2d 236 (La.1987). In the original proceeding, plaintiff sought to expropriate defendants' property in full ownership for drainage purposes. Prior to trial, the parties stipulated that plaintiff would obtain only a drainage servitude for the stipulated price of $30,000.00, and defendants would not contest the taking. The only issues remaining to be determined by the trial court were severance damages and attorney fees. The trial court denied severance damages, and thus, never reached the issue of attorney fees. On appeal this court reversed *1089 and awarded severance damages without mentioning attorney fees. Writs were denied by the Supreme Court on February 6, 1987, and the instant proceeding seeking attorney fees was commenced on February 13, 1987.
To the instant proceeding, plaintiff filed the peremptory exception raising the objection of res judicata. Plaintiff argues that the trial court denied attorney fees and that the issue was not appealed, thus res judicata applies.

TRIAL COURT
The trial court denied the peremptory exception raising the objection of res judicata and awarded attorney fees of twenty-five per cent of $57,000.00, together with legal interest thereon until paid.

ASSIGNMENTS OF ERROR
In appealing, plaintiff contends the trial court erred:
1) in overruling the peremptory exception raising the objection of res judicata, and
2) in awarding legal interest from date of judicial demand on the attorney fees.

I
The factual and legal issue presented in the first assignment of error is apparently res nova because no cases have been cited to us, nor have we been able to find any that are controlling.
La.R.S. 19:8 A in part provides:
Immediately after compensation has been determined, the plaintiff shall, upon motion of the defendant, present evidence as to the highest amount it offered the defendant for the property prior to trial on the merits. After hearing evidence on the issue, the court shall determine the highest amount offered. If the highest amount offered is less than the compensation awarded, the court may award reasonable attorney fees.
La.R.S. 48:453 provides that reasonable attorney fees may be awarded, but in no event shall the fee exceed 25% of the difference between the award and the amount deposited in the registry of the court.
In the original proceeding, the trial court denied severance damages, thus the issue of attorney fees was never reached at the trial court level. The court did not, as argued by plaintiff, deny attorney fees, because it never reached that issue. In appealing the judgment of the trial court, the issue appealed was the denial of severance damages or compensation. The defendants-appellees argue that the only time they had a right to claim attorney fees was after this court reversed the trial court and awarded damages. The claim was made immediately after the decision of this court became final by the denial of writs by the Supreme Court.
Obviously this issue would not be before this court if defendants in appealing the original judgment had also requested this court to remand to the trial court for the purpose of determining attorney fees. However, we find no fault on failing to make such a request.
La.R.S. 19:8 apparently intended that the issue of compensation and attorney fees would be settled, one immediately after the other. However, this can only happen when compensation has been awarded. In the original proceeding, compensation was denied, thus the issue of attorney fees was moot.
As defendants-appellees argue, the first instance they had to seek attorney fees was when the compensation issue became final. In failing to mention attorney fees, neither the trial court nor this court denied recovery of attorney fees. The issue was never discussed. Therefore, the trial judge was not in error in denying the peremptory exception raising the objection of res judicata.

II
Plaintiff-appellant contends the trial court erred "in allowing the defendants to recover legal interest from the date of judicial demand on the attorney's fees awarded."
The trial court judgment provides:

*1090 IT IS ORDERED, ADJUDGED AND DECREED that there be judgment for attorney fees in favor of defendants, plaintiffs in rule, Florence Hobgood Hays, John P. Hobgood, Edward C. Hobgood, Bill A Hobgood, Jr., and Herbert W. Hobgood, and against the plaintiff, defendant in rule, Parish of East Baton Rouge, for the sum of twenty-five (25%) per centum of the amount of the judgment for the compensation awarded defendants against plaintiff in the captioned entitled and numbered cause for severance damages, which amount awarded for severance damages is Fifty-Seven Thousand ($57,000.00) Dollars, together with legal interest thereon from the date of demand until paid, and that the date of demand is fixed at August 7, 1984; and for all costs.
Plaintiff correctly cites to this court several cases, including State, Department of Transportation & Development v. Schexnayder, 485 So.2d 939 (La.App. 1st Cir. 1986), for the proposition that legal interest on attorney fees awarded pursuant to La. R.S. 48:453 E is not allowed.
Defendants, however, argue that plaintiff is reading the trial court judgment out of context. In brief defendants argue, "[u]nder the district court's judgment now before the Court, the amount of the attorney fees awarded defendant is not only 25% of $57,000.00, but also is 25% of the amount of the interest thereon `from the date of demand until paid.'" Simply stated, defendants argue they were awarded attorney fees on the interest, and not interest on the attorney fees.
La.R.S. 48:453 provides that reasonable attorney fees not to exceed 25% may be awarded on the difference between the compensation awarded in the judgment and the compensation deposited in the registry of the court. La.R.S. 48:455 provides "[t]he judgment rendered therein shall include, as part of the just compensation awarded, legal interest on the amount finally awarded as of the date title vests in the plaintiff to the date of payment, but interest shall not be allowed on so much thereof as has been deposited in the registry of the court." La.R.S. 48:456 states that when the award exceeds the amount deposited, "[t]he final judgment, together with legal interest thereon, shall be paid within sixty days after becoming final." It, thus, seems clear that attorney fees are measured on the amount of the compensation, and compensation shall include legal interest. Therefore, defendants are correct in their argument that attorney fees also apply to interest earned on the compensation.
Therefore, for the above and foregoing reasons, the judgment appealed is affirmed at plaintiff-appellant's costs. Costs amount to $1,598.48.
AFFIRMED.