551 So.2d 674 (1989)
Nelson J. FINWALL
v.
UNION OIL COMPANY OF CALIFORNIA, IMCO, a/k/a Inland Marine Construction Company, ABC and DEF Insurance Companies, et al.
No. 88 CA 1243.
Court of Appeal of Louisiana, First Circuit.
October 11, 1989.
*675 Keith M. Whipple, Houma, for plaintiff and appellant, Nelson J. Finwall.
Joseph A. Reilly, Jr., Houma, for defendant and appellee, Union Oil Co.
Jeffrey A. Raines, New Orleans, for defendant and appellee, Inpro Services Co.
Grady Hurley & Patrick J. Veters, New Orleans, for appellee, Offshore Food Services.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment in a concursus proceeding.
On August 19, 1983, Nelson J. Finwall, an employee of Offshore Food Service, Inc. (Offshore Food), was injured when he slipped and fell on an offshore platform owned and operated by Union Oil Company of California (Union). As a result of the injuries he sustained, Finwall filed suit for damages against Union, the owner of the offshore platform; IMCO (Inland Marine Construction Company), a contractor performing work on the Union platform at the time of the accident; and the insurers of Union and IMCO. Thereafter, Offshore Food filed a petition of intervention, requesting reimbursement for all worker's compensation and medical benefits paid to Finwall.[1]
After trial on the merits, the trial court rendered judgment on the main demand in favor of Finwall and against Union for $262,326.23, with legal interest from date of judicial demand until paid. The trial court also rendered judgment on the intervention in favor of Offshore Food for the $70,413.78 in worker's compensation and medical benefits paid to Finwall. The judgment was silent as to an award of legal interest on these sums, although Offshore Food had prayed for "legal interest from the date of judicial demand until paid" in its intervention petition.
Finwall appealed the trial court judgment, which was lodged in this court under docket number 88 CA 1158. Offshore Food did not appeal or answer Finwall's appeal.
On February 1, 1988, Union filed a petition in concursus. Named as defendants were Finwall and Offshore Food. Union alleged that Finwall and Offshore Food both made claims for the judicial interest owed on the intervention award of $70,413.78, which Union calculated at $27,799.33. Union was granted leave to deposit $27,799.33 into the registry of the court, and Finwall and Offshore Food were cited to appear and assert their respective claims to these funds. Finwall answered the concursus petition, contending that the original trial court judgment awarding Finwall all of the interest had not been appealed and was now final.
After a contradictory hearing, the trial court rendered judgment awarding Finwall legal interest from the date of judicial demand on the main demand to the date of filing of the intervention petition. Legal interest from the date of filing of the intervention petition to the date of filing of the concursus petition was awarded to Offshore Food.
From this adverse judgment, Finwall appeals raising one issue, whether the trial court erred in modifying a substantive portion of its original judgment after all appellate delays had elapsed.
The trial court judgment on the merits was silent with regard to Offshore Food's request for legal interest on the award for reimbursement of worker's compensation and medical benefits paid. Silence of the trial court on an issue raised by the pleadings and on which evidence was offered is to be taken as a rejection of that demand in the absence of an express reservation. Ernst v. Bassett, 521 So.2d 414 (La.App. 5th Cir.1988); Reed v. Verwoerdt, 490 So.2d 421 (La.App. 5th Cir. 1986); First Security Bank and Trust Company v. Dooley, 480 So.2d 842 (La. App. 2nd Cir.1985); Serrate v. Serrate, 472 *676 So.2d 137 (La.App. 5th Cir.1985); Dugas v. Mouton, 460 So.2d 739 (La.App. 3rd Cir. 1984); Watson v. Ben, 459 So.2d 230 (La. App. 3rd Cir.1984). Further, where neither a motion for new trial nor an appeal is filed within the delays allowed by law, a final judgment acquires the authority of the thing adjudged, and the ruling in question becomes final and is res judicata. LSA-C.C. art. 3556(31); Serrate v. Serrate, supra.
Because legal interest on the intervention was at issue at the trial on the merits but was not adjudicated, it must be considered rejected. Offshore Food's remedy was either to file a motion for new trial or to appeal the trial court judgment on the merits. Offshore Food did neither; therefore, it cannot seek to change that which has become final. Nor does the district court have the authority to make a substantive change to the judgment in the concursus proceeding.
Admittedly, the situation before us is ironic; the judge who rendered the judgment on the concursus was the same one who rendered the judgment on the merits. It is obvious from his reasons for judgment that he did not intend to reject Offshore Food's demand for legal interest in ruling on the intervention, but simply overlooked it when rendering judgment. Nonetheless, that judgment has become res judicata, and he cannot now correct his earlier oversight. We would violate the sanctity of a fundamental legal principle were we to rule otherwise. See former LSA-C.C. art. 2286, redesignated as LSA-R.S. 13:4231 by Acts 1984, No. 331. Because the judgment on the merits is now final as to Offshore Food, Offshore Food is not legally entitled to interest on its judgment of intervention,[2] and the trial court erred in awarding Offshore Food interest in the concursus proceeding.
For these reasons, the trial court judgment on the concursus proceeding is reversed. Offshore Food is cast for costs on appeal.
REVERSED.
NOTES
[1] Various other demands were filed by the parties to the instant suit, none of which are pertinent to the issues raised herein.
[2] We specifically do not address the merits of Offshore Food's claim for interest on the intervention.