| ¡¿PETTIGREW, J.
In this workers’ compensation case, claimant, Rosalyn Robinson, appeals from a judgment granting defendant’s res judi-cata exception, dismissing her claim with prejudice, and assessing sanctions against her in the amount of $200.00 for attorney fees and costs. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
Ms. Robinson began working as a meat packer for Portioned Meats, Inc. (“PMI”) on November 17, 1998. On November 30, 1998, Ms. Robinson allegedly sustained a work-related injury when a gate fell on her left arm. On the date of the alleged accident, Ms. Robinson complained of a left shoulder injury. Thereafter, on September 9, 1999, Ms. Robinson filed a disputed claim for compensation seeking indemnity and medical benefits against PMI. This claim was filed under docket number 99-06301 and was assigned to Judge Delos R. Johnson for consideration.
As Ms. Robinson’s claim progressed, problems with discovery arose, and two motions to compel discovery were filed by PMI against Ms. Robinson. According to the record, Ms. Robinson failed to comply with Judge Johnson’s orders that she respond to PMI’s discovery requests, ultimately resulting in a dismissal with prejudice of her claim against PMI. Ms. Robinson filed a “Motion To Reconsider; Motion For New Trial On Hearing; Motion To Quash; Motion To Dismiss Cost,” all of which were denied by Judge Johnson. A judgment in accordance with Judge Johnson’s findings was signed on November 30, 2000. This judgment was never appealed by Ms. Robinson.
Subsequently, on January 19, 2001, Ms. Robinson filed a new disputed claim for compensation under docket number 01-00488 against PMI, alleging the same incident as was originally reported in docket number 99-06301.' In response to this new claim, PMI filed a “Motion To Dismiss Or, In The Alternative, Peremptory Exception Of Res Judicata,” which was scheduled for hearing on March 16, 2001. Following a hearing, Judge Robert W. Varnado, Jr. granted PMI’s motions, dismissed Ms. Robinson’s claim with prejudice, and awarded sanctions against Ms. Robinson in the amount of $200.00. A judgment to that effect was signed by Judge Varnado on March 23, 2001.
|,fit was from this judgment that Ms. Robinson appealed and timely filed a brief, assigning various errors for our review. On July 12, 2001, PMI filed a motion to dismiss Ms. Robinson’s appeal, urging that the judgment sought to be appealed was a final judgment because no appeal had been perfected within the delays allowed by law. On September 17, 2001, Ms. Robinson filed a motion to supplement the appellate record with various exhibits pertaining to the original judgment of dismissal rendered by Judge Johnson. In an Interim Order dated October 9, 2001, this court noted that Ms. Robinson’s brief appeared to assign error to the November 30, 2000 judgment rendered by Judge Johnson, a judgment that had not been appealed to this court. Thus, we allowed Ms. Robinson an additional thirty days within which to file an appellate brief assigning error to the *939 March 23, 2001 judgment, the judgment that is currently before us on appeal. On that same day, PMI’s motion to dismiss the appeal was referred to the merits. Moreover, on ■ November 19, 2001, Ms. Robinson’s motion to supplement the record was also referred to the merits.
In accordance with our October 9, 2001 order, Ms. Robinson filed a revised appellate brief, presenting the following issues for our review:
1. Whether Hearing/ Officer Johnson committed clear error in' modifying his prior judgment without a hearing or notice and thereby dismissing appellant’s claim with prejudice and thereby creating two (2) distinct judgments?
2. Whether Hearing Officer Varnado committed clear error in dismissing appellant’s claim with prejudice?
3. Whether appellant is entitled to penalties and Attorneys fees for having to bring this appeal?
While we note that Ms. Robinson has again briefed issues pertaining to Judge Johnson’s November 30, 2000 judgment, she has also addressed the validity of Judge Varnado’s dismissal of her claim, ah issue that is properly before this court for review. Thus, PMI’s motion to dismiss the appeal is hereby denied. Further, as the November 30, 2000 judgment is a final judgment and no issues concerning same are relevant to the appeal currently before us, Ms. Robinson’s motion to supplement the record on appeal is also denied.
I ¿ANALYSIS
On appeal, Ms. Robinson attacks the validity of Judge Varnado’s judgment granting the res judicata exception, dismissing her claim with prejudice, and awarding sanctions against her. PMI counters that the record clearly demonstrates that the second claim for compensation filed by Ms. Robinson “arose out of the same occurrence, same demand and between the same parties, which gave rise :to the first claim, and as such Judge Var-nado reasonably concluded that the second claim was precluded by operation of law.” Based on our review of the record, we agree with PMI.
Louisiana Revised Statute 13:4231 sets forth the factors to apply to a subsequent suit on the issue of res judicata and provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
In In re R.J.M.M., 2000-2101 (La.App. 1 Cir. 12/22/00), 778 So.2d 80, writ denied, 2001-0930 (La.4/27/01), 791 So.2d 641, this court addressed the history of res judicata in Louisiana as follows:
Prior to' the amendments to Louisiana res judicata law effective in 1991, Louisiana law on res judicata was substantially -narrower than federal law. The *940 prior Louisiana doctrine of res judicata was based on a presumption of correctness rather than an extinguishment of the cause of action. A decided case precluded a second suit only if it involved the same parties, the same cause of action, and the same object of demand as the prior suit. However, under La. R.S. 13:4231, as amended in 1990 and effective January 1, 1991, res judicata bars relitigation of a subject matter arising from the same transaction or occurrence of a previous suit. Thus, the chief inquiry is whether the second action asserts a cause of action that arises out of the transaction or occurrence that was the subject matter of the first action.
In re R.J.M.M., 2000-2101 at 5-6, 778 So.2d at 83 (citations omitted).
The purpose of res judicata is to promote judicial efficiency and final resolution of disputes by preventing needless relitigation. Avenue Plaza, L.L.C. v. Falgoust, 96-0173, p. 4 (La.7/2/96), 676 So.2d 1077, 1079. Louisiana Revised Statutes 13:4231 provides that a valid and final judgment is conclusive between the parties, except on appeal or other direct review. Additionally, La.Code Civ. P. art. 1673 provides that a judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. Furthermore, the doctrine of res judicata is not discretionary and mandates the effect to be given final judgments. Avenue Plaza, 96-0173 at 7, 676 So.2d at 1080.
Considering the above principles of law, we conclude that res judicata clearly applies in the instant case to bar relitigation of Ms. Robinson’s claim for workers’ compensation benefits against PMI. There is no question that both of Ms. Robinson’s claims for benefits arose out of the same occurrence. There was nothing new or different asserted in the second claim. As noted by PMI in brief, “the record demonstrates clearly and unambiguously that [Ms. Robinson] was simply attempting to reassert a claim for benefits, which had already been dismissed with prejudice.” (Emphasis in original.)
Pursuant to La.Code Civ. P. art. 1673, Judge Johnson’s November 30, 2000 judgment dismissing the first claim with prejudice had the effect of a final judgment of absolute dismissal after trial. Further, there was no appeal of Judge Johnson’s judgment. Thus, Judge Varnado was correct in granting the res judicata exception as to the second claim and dismissing same with prejudice. Having determined that the judgment below was legally correct, Ms. Robinson’s claim for penalties and attorney fees for having to bring the instant appeal is moot and does not warrant further discussion.
In its brief to this court, PMI contends that we should award damages against Ms. Robinson for filing a frivolous appeal. However, we note that PMI neither filed an appeal in this matter nor answered the appeal by Ms. Robinson. In Fontenot v. State, Department of Public Safety and Corrections, 625 So.2d 1122, 1125 (La.App. 1 Cir.1993), we held, “Although LSA-C.C.P. art. 2164[2] provides for damages for frivolous appeals, such damages are not proper where the party does not appeal or answer the appeal.” (Citations omitted.) Therefore, PMI’s claim for damages for frivolous appeal is *941 not properly before this court and will not be considered.
CONCLUSION
For the above and foregoing reasons, the judgment of the workers’ compensation judge is affirmed in all respects. Further, PMI’s motion to dismiss the appeal and Ms. Robinson’s motion to supplement the record are denied. All costs associated with this appeal are assessed against claimant-appellant, Rosalyn Robinson.
MOTION TO DISMISS DENIED; MOTION TO SUPPLEMENT RECORD DENIED; AFFIRMED.

. Article 2164 provides as follows:
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.