917 So.2d 544 (2005)
KEVIN ASSOCIATES, LLC (Successor in Interest Through Merger to Yendis Properties, Inc.)
v.
Brett CRAWFORD, Secretary of the Department of Revenue, State of Louisiana.
No. 2004 CA 2227.
Court of Appeal of Louisiana, First Circuit.
November 4, 2005.
Order Granting Rehearing For Limited Purpose December 28, 2005.
*545 Frederick W. Bradley, Nicole Crighton, New Orleans, Counsel for Plaintiff/Appellant Kevin Associates, LLC.
Albert Mintz, New Orleans, Counsel for Defendant/Appellee Albert Mintz, Proper Person.
George D. Fagan, New Orleans, Counsel for Defendant/Appellee Rite Aid Corporation.
John J. Weiler, Theodore D. Vicknair, John J. Steger, IV, Cloyd F. Van Hook, New Orleans, Counsel for Defendant/Appellee Cynthia Bridges, Secretary of Department of Revenue, State of Louisiana.
Before: CARTER, C.J., DOWNING and GAIDRY, JJ.
DOWNING, J.
The central issue in this appeal involves a legal determination regarding whether the Louisiana Department of Revenue and Taxation (the Department) abandoned *546 its claim for statutory attorney fees by failing to seek them in its writ application to the Louisiana Supreme Court. Concluding that the Department's claim for attorney fees is barred under principles of res judicata, we reverse the subsequent judgment of the trial court awarding these fees.

FACTS AND PROCEDURAL HISTORY
The underlying matter, an action for the recovery of certain income and franchise taxes paid under protest, was brought to final judgment by the Supreme Court in Kevin Associates, L.L.C. v. Crawford, 03-0211 (La.1/30/04), 865 So.2d 34. The facts and procedural history leading up to that decision are set forth therein. The Supreme Court reversed the judgments of the trial court and this court[1] and held that Kevin Associates, L.L.C. (Kevin) was not entitled to a refund of taxes, penalties and interest. Id., 03-0211 at p. 1, 865 So.2d at 36. Specifically addressing the issue of the Department's claim for attorney fees, the Supreme Court explained as follows:
In the last page of its original brief to this court, the Department prayed for attorney fees pursuant to La. R.S. 47:1512. [Fn. omitted.] The issue of attorney fees pursuant to La. R.S. 47:1512 was not contained in the Department's application for certiorari and was not briefed or argued in this court and will therefore not be considered. See generally Boudreaux v. DOTD, 01-1329 (La.2/26/02), 815 So.2d 7.
Id., 03-0211 at p. 16, 865 So.2d at 44.
Subsequently, the defendant/appellee, the Department, filed a motion to set a hearing on its reconventional demand for attorney fees. Kevin responded by filing several exceptions including those raising the objections of res judicata, lack of subject matter jurisdiction, insufficiency of citation and insufficiency of service of process. At a hearing on the matter, the trial court overruled Kevin's exceptions and entered judgment in favor of the Department, awarding attorney fees in accordance with La. R.S 47:1512.[2]
Kevin now appeals raising four assignments of error, summarized as follows:
1. whether the trial court was manifestly erroneous in failing to construe the original judgment's silence on the issue of attorney fees as an "absolute rejection" of the Department's claim for attorney fees;
2. whether the trial court erred as a matter of law in finding that the Department had not abandoned the issue of attorney fees by not specifying or briefing the attorney fees issue on prior appeal to this court or in writ application to the Louisiana Supreme Court;
3. whether the trial court had subject matter jurisdiction over the Department's claim for attorney fees raised after the Supreme Court's prior *547 judgment in this matter became final; and
4. whether the trial court erred in overruling Kevin's exception of res judicata in that the Department's claim for attorney fees should be barred since it arose from the same transaction or occurrence that gave rise to the prior judgment.

DISCUSSION
In ruling that it would not consider the Department's claim for attorney fees, the Supreme Court specifically relied on Boudreaux v. DOTD, 01-1329 (La.2/26/02), 815 So.2d 7 (per curiam). In Boudreaux, the Supreme Court ruled that the Louisiana Department of Transportation and Development had abandoned two arguments because it chose not to brief those issues for oral argument after raising them in its writ application. Id., 01-1329 at p. 5, 815 So.2d at 11. It further ruled that questions briefed for oral argument but not contained in the original writ application were not properly before it. In explaining these rulings, the Supreme Court observed that while it did not have a rule directly addressing abandonment, it had the authority to effect such a rule.[3]Id., 01-1329 at p. 4, 815 So.2d at 10. The court further asserted that "it is imperative that we not be blind sided after we grant a writ application with questions which did not appear in the application for a writ of certiorari." (Fns. omitted.) Id., 01-1329 at p. 5, 815 So.2d at 10-11.
Accordingly, the Supreme Court in Kevin declined to consider the Department's arguments regarding its claim for attorney fees because the Department did not include the issue of the failure to award attorney fees in its application for writ of certiorari and did not brief or argue the issue before the Supreme Court. Kevin, 03-0211 at p. 16, 865 So.2d at 44. Rather, it appears the only issue on which certiorari was granted was "the correctness of the lower courts' judgments that [plaintiff] was entitled to a refund of the Louisiana taxes it paid under protest." Kevin, 03-0211 at p. 4, 865 So.2d at 37.
The issue before us then is whether or not as a matter of law the Supreme Court's ruling in Kevin was a final judgment with res judicata effect, precluding re-litigation of the attorney fee issue.
Louisiana Revised Statutes 13:4231 provides in pertinent part as follows concerning res judicata:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
* * * *
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
It is undisputed here that the Department's claim for attorney fees was before the trial court by way of reconventional demand and that evidence was also before the court on this issue.[4] Therefore, under *548 the plain terms of La. R.S. 13:4231, the Supreme Court judgment at issue is conclusive between the parties and the Department's claim for attorney fees was barred once the Supreme Court judgment became final. See La. C.C.P. art. 2167.
The Department argues to the contrary, however, citing Parish of East Baton Rouge v. Hays, 527 So.2d 1088 (La.App. 1 Cir.1988). In Hays, this court held that under an expropriation statute, the defendant would not be barred from litigating the issue of attorney fees on the basis of res judicata despite failing to raise the issue on prior appeal. Id., 527 So.2d at 1089. In the statute at issue in Hays, however, the issue of attorney fees could not be litigated until after the compensation issue was settled. Id. And the res judicata law in effect at the time, La. R.S. 13:4231,[5] provided as follows:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
In Hays, the object of the first judgment was only severance damages for expropriated property. See Id. Attorney fees could only have been demanded had there been a contrary disposition on the damages issue. See Id. Where the thing demanded is not identical in both claims, the second suit was not precluded by the doctrine of res judicata then in effect. See Adams v. State, Dept. of Health and Human Resources, 458 So.2d 1295, 1300-01 (La.1984.) Hays, therefore, was properly decided under the res judicata law then in effect.
Compare the result in Finwall v. Union Oil Co. of California, 551 So.2d 674, 676 (La.App. 1 Cir.1989) where the issue of legal interest was overlooked in a final judgment. The following discussion is instructive:
Because legal interest on the intervention was at issue at the trial on the merits but was not adjudicated, it must be considered rejected. Offshore Food's remedy was either to file a motion for new trial or to appeal the trial court judgment on the merits. Offshore Food did neither; therefore, it cannot seek to change that which has become final. Nor does the district court have the authority to make a substantive change to the judgment in the concursus proceeding.
Admittedly, the situation before us is ironic; the judge who rendered the judgment on the concursus was the same one who rendered the judgment on the merits. It is obvious from his reasons for judgment that he did not intend to reject Offshore Food's demand for legal interest in ruling on the intervention, but simply overlooked it when rendering judgment. Nonetheless, that judgment has become res judicata, and he cannot now correct his earlier oversight. We would violate the sanctity of a fundamental legal principle were we to rule otherwise. See former LSA-C.C. art. 2286, redesignated as LSA-R.S. 13:4231 by Acts 1984, No. 331. Because the judgment on the merits is now final as to Offshore Food, Offshore Food is not legally entitled to interest on its judgment of intervention, and the trial court erred in awarding Offshore Food *549 interest in the concursus proceeding. (Footnote omitted.)
In 1991, La. R.S. 13:4231 was revised to employ the current res judicata provisions. In explaining the current application of this statute, this court explained in Diamond B Const. Co., Inc. v. Department of Transp. and Development, 02-0573, p. 11 (La.App. 1 Cir. 2/14/03), 845 So.2d 429, 436, that because the DOTD's claim for attorney's fees arose out of the same transaction or occurrence that formed the subject matter of the litigation, the DOTD was "required to raise or advance such claims prior to final judgment in the earlier suit." (Emphasis added.) The court continued: "Stated simply, all causes of action arising out of the original transaction or occurrence are considered to have been submitted for adjudication and are barred or merged in the judgment." Id. (Emphasis added.)
The Department attempts to draw a distinction between causes of action that are pleaded prior to final judgment which are not addressed and causes of action raised after judgment becomes final. However, applying La. R.S. 13:4231 and La. C.C.P. art. 425, we find no basis for making this distinction where its claim for attorney fees arose out of the same transaction or occurrence giving rise to the judgment.
The Department also asserts that the following language from Bridges v. Autozone Properties, Inc., 04-0814, p. 36 (La.3/24/05), 900 So.2d 784, 809, rehearing not considered (La.5/13/05), establishes that its claim for attorney fees in the present case was premature, thus not subject to res judicata:
[S]ince our holding only affirms Louisiana's constitutional jurisdiction and not [defendant's] tax liability, the Department's request for attorney's fees is premature.
In Bridges, the court reversed the lower court's judgments sustaining an exception of lack of personal jurisdiction and found that personal jurisdiction existed. Id., 04-0814 at p. 36, 900 So.2d at 809. A ruling on jurisdiction is an interlocutory ruling and clearly not a ruling on the merits. And "[a] judgment that determines the merits in whole or in part is a final judgment." La. C.C.P. art. 1841. As there had been no litigation on the merits in the Bridges case, the claim for attorney fees was premature. But nothing in the cited language suggests that the issue of attorney fees can be raised after a judgment on the merits has become final and subject to the res judicata provisions of La. R.S. 13:4231.
The Department further argues that the attorney fee issue became moot once the trial court ruled against it and in favor of Kevin. This issue, however, was not moot before this court on appeal or before the Supreme Court on writ application or grant of writ. Had the Department properly raised the issue, the Supreme Court possessed full authority not only to reverse the judgment of the trial court and enter judgment in favor of the Department but also to enter judgment in favor of the Department on the issue of attorney fees. La. C.C.P. art. 2164.
We are mindful of the La. R.S. 13:4232 exceptions to the general rules of res judicata. Among these is "[w]hen exceptional circumstances justify relief from the res judicata effect of the judgment." La. R.S. 13:4232 A(1). The "exceptional circumstances" exception generally applies to complex procedural situations in which litigants are deprived of the opportunity to present their claims due to unanticipated quirks in the system, to factual situations that could not be anticipated by the parties, or to decisions that are totally beyond the control of the parties. See Mandalay *550 Oil & Gas, L.L.C. v. Energy Development Corp., 01-0993, p. 22 (La.App. 1 Cir. 8/4/04), 880 So.2d 129, 144, rehearing denied (8/31/2004), writ denied, 04-2426 (La.1/28/05), 893 So.2d 72.
The Department, however, has argued no exceptional circumstances, the trial court found none, and neither can we. Oversight is not an exceptional circumstance. Accordingly, to avoid the effects of res judicata, the Department needed to present the issue to the Supreme Court by assignment of error in the writ application and by briefing and arguing the issue, see Boudreaux, 01-1329 at p. 5, 815 So.2d at 10-11, or other method approved by law, seeking either entry of judgment on the issue of attorney fees or remand for determination of this issue.[6] As in Finwall, we recognize an unfortunate oversight. However, the judgment became res judicata when it became final, precluding any cause of action arising out of the transaction or occurrence giving rise to the judgment. La. R.S. 13:4231.
We find merit in Kevin's fourth assignment of error. We therefore pretermit discussion of the remaining assignments of error.[7] We note that the Department asks for penalties for frivolous appeal. Because this issue was not raised by answer to appeal, we do not address this argument. Robinson v. P.M.I., 01-0926, p. 6 (La.App. 1 Cir. 5/10/02), 818 So.2d 937, 940-41.

DECREE
For the foregoing reasons, we reverse the judgment of the trial court denying Kevin's declinatory and peremptory exceptions. We maintain Kevin's peremptory exception raising the objection of res judicata, and we pretermit consideration of the other exceptions raised. We vacate the judgment's order awarding attorney fees to the Department. We assess costs to the Secretary of the Louisiana Department of Revenue in the amount of $ 4,965.96.
REVERSED; EXCEPTION OF RES JUDICATA GRANTED; AWARD VACATED.

ON REHEARING
PER CURIAM.
The application for rehearing is granted for the limited purpose of correcting the amount of the assessment of costs, which had been improperly calculated, *551 against the Secretary of the Louisiana Department of Revenue. We vacate our order that assesses $4,965.96 as costs to the Secretary of the Louisiana Department of Revenue. We amend our order and assess the costs of this appeal to the Secretary of the Louisiana Department of Revenue in the amount of $1,156.93.
In all other respects, the application for rehearing is denied.
NOTES
[1] The opinion of this court was reported in Kevin Associates, L.L.C. v. Crawford, 01-2652 (La.App. 1 Cir. 11/8/02), 834 So.2d 465.
[2] Louisiana Revised Statutes 47:1512 provides as follows:

The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this Sub-title, or to represent him in any proceeding under this Sub-title. If any taxes, penalties or interest due under this title are referred to an attorney at law for collection, an additional charge for attorney fees, in the amount of ten per centum (10%) of the taxes, penalties and interest due, shall be paid by the tax debtor.
[3] Rule 2-12.4 of the Louisiana Courts of Appeal Uniform Rules provides that the appellate court may consider abandoned any specification or assignment of error not briefed. Further, this rule provides that an appellant must state the precise relief sought.
[4] Louisiana Code of Civil Procedure art. 425 A requires inclusion of all claims to be litigated as follows:

A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation.
[5] Former La. C.C. art 2286 was redesignated by La. R.S. 13:4231 by 1984 La. Acts No. 331, § 7, effective January 1, 1985.
[6] We note that La. R.S. 13:4232 A(3) provides another exception to the general rules of res judicata: a judgment does not bar another action when the judgment reserves the right of the plaintiff to bring another action. However, since the applicability of this section is not before us on review, we do not construe its provision or meaning. Also, perhaps the Department could have taken other action in the trial court to preserve its right.
[7] In its third assignment of error, Kevin argues that the trial court lacked subject matter jurisdiction over its attorney fees claim because such jurisdiction was divested by the granting of the order of appeal pursuant to La. C.C.P. art. 2088. This article states in pertinent part that "[t]he jurisdiction of the trial court over all matters in the case reviewable under appeal is divested, and that of the appellate court attaches ... on the granting of the order of appeal[.] Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal[.]" (Emphasis added.) Kevin would have us read this language to apply continuously beyond the time a matter becomes final and no longer remains reviewable. We can find no jurisprudence interpreting the term at issue, and neither party has cited any. Because we have determined that the Department's attorney fee claim is barred by a valid, final judgment that is res judicata, we need not construe the extent or limitations on trial court jurisdiction under La. C.C.P. art 2088 as argued by Kevin. Accordingly, we pretermit discussion and decision of this issue.