GUIDRY, J.
|aIn this medical malpractice action, plaintiffs, Robert McGregor and Ruth McGregor, appeal from a judgment of the trial court granting summary judgment in favor of Hospice Foundation of Greater Baton Rouge, Inc. d/b/a Hospice of Baton Rouge (Hospice), Kathryn Grigsby, Katherine Braud, and Melanie Hyatt. For the reasons that follow, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
Donald McGregor, father and husband of the plaintiffs, had terminal metastatic prostate cancer. He was treated for this disease by Dr. Miletello, an oncologist, from 1997 through his death on July 21, 2002. On April 30, 2002, Donald enrolled as a patient of Hospice because he could no longer visit Dr. Miletello in his office. Thereafter, Hospice nurses visited Donald in his home several times a week and reported their findings to Dr. Miletello. *275 In turn, Dr. Miletello would make determinations based on those findings, which included prescribing pain medication.
In June and early July 2002, Dr. Mile-tello prescribed Duragesic patches for Donald’s long term pain control and morphine suppositories for his breakthrough pain. On July 19, 2002, a Hospice nurse visited Donald, and based on her assessment, Dr. Miletello wrote a prescription for 40 morphine suppositories to be administered 1-2 per hour as needed for pain. The prescription also noted that it may be partially filled; however, Dr. Miletello had instructed Hospice that 20 should be released on July 19, and the remaining 20 were not to be released until Monday, July 22.
Robert McGregor called Hospice several times between July 19 and July 21, concerned that the 20 morphine suppositories was not enough medication to last until Monday and stating that his father was in pain and needed the additional 20 suppositories. After his last call on Sunday, July 21, Hospice’s on call nurse, |,¡Melanie Hyatt, informed Hospice’s Director of Nurses, Katherine Braud, and Dr. Reine, a member of Dr. Miletello’s oncology group who was on call for Dr. Miletello that weekend, that Robert refused to allow her to go and assess Donald, and that Robert was exhibiting threatening behavior toward her. Thereafter, nurse Hyatt called Robert and informed him that Hospice was discharging Donald from their care.
After receiving the call from nurse Hyatt, Robert called Dr. Reine directly, asking if she was aware that Hospice had discharged his father, and she stated that she concurred in Hospice’s decision. Later that day, Donald’s family called an ambulance and took Donald to the hospital where he died that evening.
Thereafter, the plaintiffs filed a complaint against Drs. Miletello and Reine, and Hospice, Kathryn Grigsby, Melanie Hyatt, and Katherine Braud (collectively referred to as “Hospice defendants”) with the Commissioner of Administration requesting formation of a medical review panel. The plaintiffs were subsequently advised that the Hospice defendants were not qualified with the patient’s compensation fund. As such, on October 14, 2003, the plaintiffs filed a petition for damages against the Hospice defendants under docket number 512,840, asserting their negligence in failing to release the remaining 20 morphine suppositories between July 19 and 21 and in abandoning Donald by discharging him from their care on Sunday, July 21.
A medical review panel was convened to address the claims raised against Drs. Mi-letello and Reine. On June 15, 2004, the panel issued an opinion finding that the evidence did not support the conclusion that the defendants failed to meet the applicable standard of care. Thereafter, the plaintiffs filed a petition for damages against Dr. Miletello and Dr. Reine, as well as their insurer, LAMMICO, under docket number 524,336 and asserted their negligence in failing to authorize the release of the additional 20 morphine suppositories and for abandoning Donald |fion July 21. This matter was subsequently consolidated with the matter against the Hospice defendants.
On April 28, 2008, the Hospice defendants filed a motion for summary judgment asserting that res judicata precluded the plaintiffs from asserting their claims against the Hospice defendants, and alternatively, that the plaintiffs lacked expert testimony to establish that there was a deviation from the standard of care by any of the Hospice defendants. Dr. Miletello, Dr. Reine, and LAMMICO also filed motions for summary judgment, asserting that the plaintiffs had provided no testimo *276 ny from an expert who was qualified to render an opinion as to the standard of care applicable to Drs. Miletello and Reine.
Following a hearing on the above motions, the trial court rendered judgments in favor of all defendants granting them summary judgment and dismissing the plaintiffs’ claims against them with prejudice. Plaintiffs subsequently filed a motion for new trial, which was denied. Plaintiffs now appeal from the judgment rendered in favor of the Hospice defendants.[1]
DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. McNeil v. Miller, 08-1978, p. 3 (La.App. 1st Cir.3/27/09), 10 So.3d 327, 329.
The burden of proof on a motion for summary judgment is on the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion, the movant’s burden on the motion does not |firequire him to negate all essential elements of the adverse party’s claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. Thereafter, if the adverse party fails to provide evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La. C.C.P. art. 966(C)(2); Robles v. ExxonMobile, 02-0854, p. 4 (La.App. 1st Cir.3/28/03), 844 So.2d 339, 341.
In ruling on a motion for summary judgment, the trial court’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of material fact. Hines v. Garrett, 04-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is “material” for summary judgment purposes can only be seen in light of the substantive law applicable to the case. Richard v. Hall, 03-1488, p. 5 (La.4/23/04), 874 So.2d 131, 137.
In a medical malpractice action, the plaintiff must establish by a preponderance of the evidence the applicable standard of care, a violation of that standard of care, and a causal connection between the alleged negligence and the plaintiffs injuries. See La. R.S. 9:2794(A); see also Pfiffner v. Correa, 94-0924, p. 8 (La.10/17/94), 643 So.2d 1228, 1233. An expert witness is generally necessary as a matter of law to meet the burden of proof on a medical malpractice claim. Lieux v. Mitchell, 06-0382, p. 11 (La.App. 1st Cir.12/28/06), 951 So.2d 307, 314, writ denied, 07-0905 (La.6/15/07), 958 So.2d 1199. Although the jurisprudence has recognized exceptions in instances of obvious negligence, those exceptions are limited to instances in which the medical and factual issues are such that a lay jury can perceive negligence in the charged physician’s conduct as well as any expert can. Pfiffner, 94-0924 at p. 9, 643 So.2d at 1234.
*277 | ^Expert Testimony
In support of their motion for summary judgment, the Hospice defendants submitted excerpts from Dr. Samuels’ deposition. In these excerpts, Dr. Samuels stated that he was not familiar with the standard of care applicable to Hospice nurses, that he was not in a position to give an opinion as to who had the authority to release or obtain the remainder of the partially filled prescription, and that he was not familiar with partial fill prescriptions. Accordingly, the Hospice defendants asserted that because the plaintiffs’ expert did not render an opinion, or admitted that he was not familiar with issues central to the plaintiffs’ case, that they had not met their burden in establishing that they would be able to satisfy their eviden-tiary burden of proof at trial.
In opposition to the Hospice defendants’ motion for summary judgment, the plaintiffs submitted the deposition testimony of Dr. Samuels, as well as the depositions of Dr. Brooks and Dr. Miletello. As stated above, Dr. Samuels admitted that he was not familiar with the standard of care of hospice nurses and that he had no opinion as to who had the authority to release the remaining 20 morphine suppositories. Additionally, Dr. Brooks and Dr. Miletello indicated in their testimony that Hospice has the ability to release the remainder of partial fill prescriptions when needed. However, Dr. Miletello’s testimony indicated that Hospice needed authorization from either him or Dr. Reine to release the remaining 20 morphine suppositories. Further, Dr. Brooks stated that in this situation, Hospice needed authorization from a doctor to obtain the remaining 20 suppositories, and it was appropriate for Hospice to follow the protocols set out by the prescribing physician.
Despite the apparent lack of expert testimony on these issues, Dr. Samuels did state unequivocally that he was of the opinion that Hospice breached the standard of care by discharging Donald on July 21 without proper notification. | sAccording to Dr. Samuels, no matter what the relationship, whether it is physician/patient or hospice/patient, the standard of care requires that a health care provider provide the patient with written notice by way of certified letter, wherein the provider specifies a particular time period, usually two weeks, that the patient has to obtain alternative health care. In the interim, the provider is obligated to continue to provide care to the patient. According to Dr. Samuels’ testimony, the standard of care for discharging a patient is not limited to a particular specialty, and the Hospice defendants failed to show that the standard of care for discharging Hospice patients differs from that articulated by Dr. Samuels. See Ricker v. Hebert, 94-1743, p. 4 (La.App. 1st Cir.5/5/95), 655 So.2d 493, 495. Accordingly, the trial court erred in finding that the plaintiffs failed to produce expert testimony sufficient to satisfy their evidentiary burden of proof at trial.

Res Judicata

In seeking summary judgment, the Hospice defendants also asserted that the plaintiffs’ claims are precluded by res judi-cata [2] based on a judgment rendered in a previous contract suit involving the same parties and based on the same transaction and occurrence.
*278 On July 21, 2003, the same plaintiffs filed a petition for violation of contract and for damages against the Hospice defendants under docket number 509,929, asserting that the defendants had violated their contract with plaintiffs to provide the care necessary to give Donald “death with dignity” by failing to ensure that Donald had adequate pain medication during the weekend of July 19 through Sunday, July 21, which caused him to needlessly suffer excruciating pain and anguish.
| thereafter, the plaintiffs filed a petition for damages against the same Hospice defendants under docket number 512,840 based on their alleged medical malpractice. The Hospice defendants subsequently filed a motion to consolidate the two actions under La. C.C.P. art. 1561.[3] Following a hearing, the trial court granted the Hospice defendants’ motion to consolidate, and the plaintiffs filed a writ application with this court requesting review of the trial court’s decision. On October 4, 2004, this court granted the plaintiffs’ writ application and reversed the trial court’s judgment granting the motion to consolidate, finding that the possibility of jury confusion exists as to the distinct differences in the standards applied to the burden of proof. This court further ordered that the matter be remanded to the trial court to maintain the two suits under their separate docket numbers. See McGregor v. Hospice Care of Louisiana, Inc., 04-1399 (La.App. 1st Cir.10/5/04) (unpublished).
The contract action proceeded to trial. Following the plaintiffs’ presentation of their case, the Hospice defendants filed a motion for involuntary dismissal, which was granted. The plaintiffs appealed from that judgment, and on March 27, 2009, a separate panel of this court affirmed the trial court’s judgment. See McGregor v. Hospice Care of Louisiana in Baton Rouge, L.L.C., 08-2029 (La.App. 1st Cir.3/27/09), 2009 WL 838621 (unpublished opinion), writ denied, 09-1232 (La.9/18/09), 17 So.3d 980.
11flLouisiana Revised Statute 13:4231 provides, in pertinent part, the following regarding res judicata:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
* * *
(2) If a judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction and occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
Accordingly, in order for res judi-cata to preclude a second action, the following elements must be satisfied: (1) the first judgment is valid, (2) the first judgment is final, (3) the parties are the same, (4) the cause or causes of action asserted *279 in the second suit existed at the time of final judgment in the first litigation, and (5)the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. North American Treatment Systems, Inc. v. Scottsdale Insurance Co., 05-0081, p. 13 (La.App. 1 Cir. 8/23/06), 943 So.2d 429, 439, writs denied, 06-2918, 06-2803 (La.2/16/07), 949 So.2d 423 and 424.
In the instant case, the plaintiffs filed two separate actions, one based in contract and one based on medical malpractice, against the same defendants and arising out of the same transaction or occurrence, namely, the failure to provide adequate pain medication to Donald between July 19 and 21 and discharging Donald from Hospice care on July 21. A valid, final judgment was rendered in the contract suit. Clearly, the medical malpractice claim existed at the time that judgment was rendered in the contract suit, as the medical malpractice claim had already been filed as a separate suit under a different docket number. Accordingly, because the plaintiffs failed to file the contract action and the medical malpractice action in the same suit as required by La. C.C.P. art. 425, res judicata applies to preclude them from now asserting their medical malpractice claim. See Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1238 (La.1993).
Plaintiffs, however, assert that Article 425 does not apply until a plaintiff files one suit, litigates it to judgment, and then files another suit. However, this same argument has been rejected by this court in Kevin Associates, L.L.C. v. Crawford, 04-2227, p. 7 (La.App. 1st Cir.11/4/05), 917 So.2d 544, 549, writ denied, 06-0220 (La.5/5/06), 927 So.2d 311, wherein, upon applying La. R.S. 13:4231 and Article 425, we found no basis for making the distinction between causes of action that are pleaded prior to final judgment that are not addressed and causes of action raised after judgment becomes final, where the claim at issue arose out of the same transaction or occurrence giving rise to the judgment.
Alternatively, plaintiffs assert that the “exceptional circumstances” exception to the general rule of res judicata found in La. R.S. 13:4232(A)(1), which provides that a judgment does not bar another action by the plaintiff when “exceptional circumstances justify relief from the res judicata effect of the judgment” applies in the instant case. The plaintiffs assert that exceptional circumstances exist in the instant case because this court previously determined upon review of the trial court’s order consolidating the two matters that such consolidation was improper because it would lead to jury confusion and ordered that the two cases be maintained as separate suits.
The discretion given to courts to grant relief from a judgment on the basis of exceptional circumstances allows the courts to balance the principle of res judi-cata with the interests of justice. However, this discretion must be exercised on a case by case basis, and such relief should be granted only in truly exceptional cases, otherwise the purpose of res judicata would be defeated. La. R.S. 13:4231, Comment-1990. The “exceptional circumstances” exception generally applies to complex procedural situations in which litigants are deprived of the opportunity to | ^present their claims due to unanticipated quirks in the system, to factual situations that could not be anticipated by the parties, or to decisions that are totally beyond the control of the parties. Kevin Associates, L.L.C., 04-2227 at p. 8, 917 So.2d at 549.
*280 In the instant case, the Hospice defendants sought consolidation of the contract and the medical malpractice actions. The trial court granted the motion to consolidate, but the plaintiffs sought supervisory review of that decision, asserting that consolidation would lead to jury confusion. This court ultimately decided in plaintiffs’ favor, ordering that the cases be maintained as separate suits. Plaintiffs argue that they relied on this court’s previous ruling and maintained the suits separately; therefore, it would be unjust to now find that despite this court’s ruling, the instant action is barred by res judicata.
We note that our prior decision on the supervisory writ addressed consolidation of the two actions for trial under La. C.C.P. art. 1561. However, because this court specifically ordered that the actions be remanded to the trial court to be maintained as separate suits, we agree with plaintiffs that it would be unjust to now find the medical malpractice claim is barred by res judicata. Accordingly, we find that based on the unique facts of this case, and in the interest of justice, exceptional circumstances exist justifying relief from the res judicata effect of the prior judgment in the contract suit.[4]
| ^CONCLUSION
For the foregoing reasons, we reverse the judgment of the trial court, granting summary judgment in favor of defendants, Hospice Foundation of Greater Baton Rouge, Inc. d/b/a Hospice of Baton Rouge, Kathryn Grigsby, Katherine Braud, and Melanie Hyatt, and dismissing plaintiffs’ claims against them with prejudice, and this matter is remanded to the trial court for proceedings consistent with this opinion. All costs of this appeal are assessed to the defendants, Hospice Foundation of Greater Baton Rouge, Inc. d/b/a Hospice of Baton Rouge, Kathryn Grigsby, Katherine Braud, and Melanie Hyatt.
REVERSED AND REMANDED.
PETTIGREW, J., concurs.
Opinion Granting Rehearing for Limited Purpose

. Plaintiffs separately appealed from the judgment rendered in favor of Dr. Miletello, Dr. Reine, and LAMMICO, which is addressed in McGregor v. Hospice Care of Louisiana in Baton Rouge, L.L.C., 09-1355, 09-1356 (La.App. 1st Cir.2/12/10), 36 So.3d 281.

. A plea of res judicata may be raised by motion for summary judgment when there is no genuine issue as to any material fact. R.G. Claitor’s Realty v. Juban, 391 So.2d 394, 403 (La.1980) (on rehearing); see also Horrell v. Horrell, 99-1093, p. 4 (La.App. 1st Cir. 10/6/00), 808 So.2d 363, 373 (on rehearing), writ denied, 01-2546 (La.12/7/01), 803 So.2d 971.

. Louisiana Code of Civil Procedure article 1561 provides:
A. When two or more separate actions are pending in the same court, the section or division of the court in which the first filed action is pending may order consolidation of the actions for trial after a contradictory hearing, and upon a finding that common issues of fact and law predominate. If a trial date has been set in any of the subsequently filed actions that have not yet been consolidated, then the written consent of each section or division of the court shall be required.
B. Consolidation shall not be ordered if it would do any of the following:
(1) Cause jury confusion.
(2) Prevent a fair and impartial trial.
(3) Give one party an undue advantage.
(4) Prejudice the rights of any party.

. Likewise, we reject the Hospice defendants’ argument regarding lis pendens. The exception of lis pendens is applicable before judgment on the merits is rendered in any of the pending suits. However, the exception of res judicata is applicable after judgment. See Fincher v. Insurance Corporation of America, 521 So.2d 488, 489 (La.App. 4th Cir.), writ denied, 522 So.2d 570 (La.1988).