804 So.2d 902 (2001)
Quinton Tyronne DAWSON
v.
CITY OF SLIDELL.
No. 2000 CA 2265.
Court of Appeal of Louisiana, First Circuit.
December 28, 2001.
*903 Michelle Sorrells, Baton Rouge, LA, Attorney for Plaintiff/Appellant, Quinton Tyronne Dawson.
Thomas M. Ruli, New Orleans, LA, Attorney for Defendant/Appellee, City of Slidell.
BEFORE: FITZSIMMONS and DOWNING, JJ., and LANIER, J. Pro Tem.[1]
FITZSIMMONS, J.
Plaintiff, Quinton Dawson, appealed an adverse judgment dismissing with prejudice his workers' compensation claim for expenses associated with his treatment for diabetes. We affirm.

FACTS AND PROCEDURAL HISTORY
Quinton Dawson was employed as a laborer by the City of Slidell. On June 12, 1997, he injured his back in the course and scope of his employment. As part of his treatment, Mr. Dawson was given two epidural steroid injections. The second shot was given approximately two weeks after the first. After the second shot, Mr. Dawson suffered a severe hyperglycemic reaction and was admitted to the hospital on September 17, 1997. It is undisputed that this second epidural steroid injection at least partly caused Mr. Dawson's hyperglycemic reaction. Mr. Dawson was diagnosed with diabetes during this hospital stay.
Mr. Dawson filed a claim for workers' compensation. By the trial date, the only issues remaining were 1) whether the injection caused Mr. Dawson's diabetes mellitus and 2) whether Mr. Dawson's requirement for treatment of his diabetes is causally connected to his work-related injury such that the City of Slidell should be held liable under Louisiana workers' compensation law. After submission of post-trial memoranda, the workers' compensation court entered judgment dismissing Mr. Dawson's claim for the requested benefits, with prejudice.
Mr. Dawson appealed. In one assignment of error, he argues that the workers' compensation judge erred in concluding that Mr. Dawson's diabetic condition was not causally related to his on-the-job accident.

LEGAL PRECEPTS
The claimant-employee bears the burden of establishing a causal link between *904 the work accident and the claimed disability. However, a pre-existing disease or infirmity of an employee does not automatically disqualify a compensation claim if the work-related injury aggravated, accelerated, or combined with the disease or infirmity to produce death or disability for which compensation is claimed. A disabled employee's work-related injury is presumed to have been aggravated, accelerated or combined to produce his disability if he proves that before the work-related injury he had not manifested disabling symptoms, but that commencing with the work-injury the disabling symptoms appeared and there is either medical or circumstantial evidence indicating a reasonable possibility of causal connection between the work-injury and the activation of the disabling condition. Once the employee has established the presumption of causation, the opposing party bears the burden of producing evidence and persuading the trier of fact that it is more probable than not that the work-related injury did not accelerate, aggravate or combine with the pre-existing disease or infirmity to produce his disability. Peveto v. WHC Contractors, 93-1402, pp. 2-3 (La.1/14/94), 630 So.2d 689, 691.
"[W]here two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong." Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 883 (La.1993). This is true even when "an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's...." Stobart, 617 So.2d at 882.

APPLICATION OF LEGAL PRECEPTS TO THE FACTS
After a thorough review of the record, we cannot say that the workers' compensation judge erred in his findings of fact or judgment dismissing the claim. Notwithstanding any possible presumed causation, the record reasonably supports a finding that the injections for the back pain did not cause, aggravate, accelerate, or combine with the diabetes to produce the disability in question. The workers' compensation judge accepted the medical testimony that the injections did not cause the diabetes and had no real effect on the progress of the disease. Although Mr. Dawson's physician initially seemed to associate the diabetes with the injections, the doctor's subsequent notes stated that he explained to Mr. Dawson that the injections did not cause or affect the diabetes.
For these reasons, we affirm the judgment. The costs of the appeal are assessed to the plaintiff-appellant, Mr. Dawson.
AFFIRMED.
DOWNING, J., dissents and assigns reasons.
DOWNING, J., dissenting.
In concluding the workers' compensation court did not commit manifest error in its findings of fact or judgment dismissing Mr. Dawson's claim, the majority misapprehends the evidence. The workers' compensation court found only that Mr. Dawson's diabetes was not caused by the epidural steroid injections. This is undisputed. The workers' compensation court nowhere found, however, that the injections did not affect the diabetes.
Even if such inference can be drawn from the evidence, which in my opinion it cannot, such inference would be manifestly erroneous under the facts of this case. Mr. Dawson's treating physician, Dr. Pedro Serrant, associated the onset of diabetes mellitus with the epidural steroid injections. He never recanted this position, *905 though he later explained that steroids did not cause diabetes. Tellingly, the City of Slidell's own expert in internal medicine, Dr. Griffe, could not conclude that Mr. Dawson was headed toward a diabetic condition despite all the warning signs. When asked if the warning signs in his earlier blood work together with his non-compliance with his diet meant he was "heading in the direct [sic] he is now," Dr. Griffe responded: "I cannot make that statement. His earlier blood work he is mildly hyperglycemic." Further, Dr. Griffe testified that he did not know the answer to the question of whether an epidural steroid injection could "aggravate a preexisting diabetic condition to the point that it makes it symptomatic." He testified that an endocrinologist could possibly answer that question, but he could not in all sincerity answer it.
Mr. Dawson is entitled to the presumption that his diabetes is causally connected to his work-related injury. See Walton v. Normandy Village Homes Association, Inc., 475 So.2d 320, 324-325 (La.1985) and Doucet v. Baker Hughes Production Tools, 93-3087, pp. 3-4 (La.3/11/94), 635 So.2d 166, 167-168. Assuming that Mr. Dawson's diabetes was a pre-existing condition, we note that he manifested no disabling symptoms prior to the injury and the related steroid injection. After the injection, the diabetes became symptomatic. The medical evidence establishes a reasonable possibility that the steroid injection triggered Mr. Dawson's diabetes and caused it to become symptomatic. The City of Slidell, therefore, bears the burden of producing evidence and persuading the trier of fact that it is more probable than not that the work-related injury did not accelerate, aggravate or combine with the preexisting disease or infirmity to produce his disability. Walton, 475 So.2d at 325; Hammond v. Fidelity & Casualty Co. of New York, 419 So.2d 829, 831 (La.1982).
This burden the City of Slidell has not met. The City of Slidell has failed to come forward with evidence that the Mr. Dawson's diabetes is not causally related to the onset of his diabetes. At best, any such conclusion is an inference unsupported by the record. Further, the workers' compensation court committed an error of law in its application of the Walton presumption of liability when it required the injection to have caused, rather than to be causally connected to, the onset of Mr. Dawson's diabetes.
The record contains no proof that Mr. Dawson could not have continued living asymptomatic of diabetes but for the intervention of the epidural steroid injection. I would, therefore, reverse the judgment of workers' compensation court and enter judgment in favor of Mr. Quinton Dawson.
NOTES
[1] The Honorable Walter I. Lanier, Jr., Judge (retired), First Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court