822 So.2d 114 (2002)
Robert RHODES, Jr.
v.
TERREBONNE PARISH SHERIFF
No. 2001 CA 2279.
Court of Appeal of Louisiana, First Circuit.
June 21, 2002.
*115 David J. Shea, Houma, for Appellant Robert Rhodes, Jr.
Joseph J. Weigand, Jr., William F. Dodd, Houma, for Appellee Terrebonne Parish Sheriff.
Before: GONZALES, KUHN, CIACCIO, JJ.[1]
CIACCIO, J.
Plaintiff appeals a judgment dismissing his workers compensation claim with prejudice.

*116 FACTS
On February 21, 2000, Robert Rhodes, Jr. worked as a deputy for the Terrebonne Parish Sheriff's Department ("the Department"). While booking a suspect, he slipped and fell in the station house where a trustee was mopping. He filed an incident report with the Department and continued to work through May while attending the Police Academy on his days off.
Mr. Rhodes did not seek medical treatment until March 30, 2000, when he saw chiropractor Dr. Rory White. Dr. White's patient information sheet asked whether the visit was related to an accident or sickness. Mr. Rhodes marked "sickness." And the health insurance claim form filed by Dr. White's office indicated that Mr. Rhodes's condition was not employment related.
Hope Brunet, the Department's bookkeeper, testified that Mr. Rhodes requested two days leave without pay in March and two more days in May, citing either illness or personal problems. During this time, he never mentioned a work-related injury as the basis for his request.
Finally, on June 12, 2000, Mr. Rhodes called in to say that he had to see a doctor because of an "injury from work." Ms. Brunet testified that once the Department learned of Mr. Rhodes's alleged work-related injury, they began paying him for days missed. He was paid in full for June, July and August even though he only worked those first few days in June and none in July or August. Mr. Rhodes resigned from the Department on August 28, 2000.
Mr. Rhodes filed a disputed claim for compensation form[2] seeking wage benefits and authorization for medical treatment with Dr. White and with Dr. Lawrence Haydel, an orthopedic surgeon. The workers' compensation judge dismissed Mr. Rhodes's claim with prejudice: "This court questions the credibility of the claim and Dr. White."
Mr. Rhodes now appeals, arguing that OWC erred: 1) in failing to apply the presumption of causation; and 2) in exonerating the Department from liability for Mr. Rhodes's medical expenses.

LAW AND ARGUMENT
To recover workers' compensation benefits, a claimant must establish by a preponderance of the evidence a causal link between the work-related accident and his injury.[3] Proof by a preponderance of the evidence is sufficient when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not.[4] Causation is the ultimate conclusion of fact.[5]
Factual findings in a workers' compensation case are subject to the manifest error or clearly wrong standard of appellate review.[6] An appellate court cannot set aside the factual findings of a workers' compensation judge unless there *117 is no reasonable basis for those findings or they are clearly wrong.[7] And when factual findings are based on witness credibility, the appellate court must give great deference to the fact-finders decision to credit or discredit a witness's testimony. In other words, when there is a conflict in the testimony, reasonable credibility evaluations and inferences of fact should not be disturbed on review, even if the appellate court feels that its own evaluations and inferences are as reasonable.[8]
In his written reasons for judgment, the workers' compensation judge specifically said that he questioned the credibility of both Mr. Rhodes and Dr. White. Mr. Rhodes offered no explanation for why he did not initially claim that his injury was work-related. He did not report anything to the Department for more than three months. And he never told Dr. White about the July auto accident. This court will not substitute its judgment for that of the workers' compensation judge. After reviewing the entire record, we cannot say that he was clearly wrong in concluding that any injury sustained by Mr. Rhodes was not caused by the slip and fall at the Department house.
Mr. Rhodes contends on appeal that the workers' compensation judge erred in not applying the presumption of causation. But an employee's work-related accident is presumed to have produced his injury only if: 1) the employee proves that medical symptoms appeared in conjunction with the accident, and 2) either medical or circumstantial evidence indicates a reasonable possibility of a causal connection between the work-related accident and the injury.[9] If the employee establishes this presumption of causation, the opposing party then bears the burden of proving by a preponderance of the evidence that the work-related accident did not cause the employee's injury.[10]
Mr. Rhodes does not benefit from the causation presumption. He never proved by a preponderance of the evidence that the symptoms appeared in conjunction with the accident. This assignment of error is without merit.
Mr. Rhodes further argues on appeal that OWC erred in not ordering the Department to pay for his medical treatment. Again, to recover workers' compensation benefits, a claimant must establish by a preponderance of the evidence a causal link between the work-related accident and the injury.[11] We have already found that Mr. Rhodes did not establish this causal link. That being so, the Department cannot be held liable for Mr. Rhodes's medical expenses. This assignment of error has no merit.

CONCLUSION
For the reasons noted above, we affirm OWC's judgment in favor of the Terrebonne Parish Sheriff's office, dismissing Mr. Rhodes suit with prejudice. Costs of this appeal are assessed to Robert Rhodes, Jr.
AFFIRMED.
NOTES
[1] The Honorable Philip C. Ciaccio, Judge (retired), Fourth Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The workers' compensation statute does not normally cover sheriff's deputies under LSA-R.S. 23:1034(B). Although the record is unclear, it was apparently understood that there was workers' compensation coverage in this case. No one is appearing on behalf of the workers' compensation carrier.
[3] Dawson v. City of Slidell, 00-2265 (La.App. 1 Cir. 12/28/01), 804 So.2d 902, 903-904, writ denied, 02-0292 (La.4/12/02), 813 So.2d 406.
[4] Clausen v. D.A.G.G. Constr., 01-1199 (La. App. 1 Cir. 2/15/02), 807 So.2d 1199, 1201, writ denied, 02-0824 (La.5/24/02), 816 So.2d 851.
[5] Id.
[6] Scott v. Lakeview Regional Medical Center, 01-0538 (La.App. 1 Cir. 3/28/02), 818 So.2d 217, 220.
[7] Id.
[8] Id.
[9] Dawson v. City of Slidell, 804 So.2d at 904.
[10] Id.
[11] Id., at 903-904.