844 So.2d 339 (2003)
John G. ROBLES
v.
EXXONMOBILE (OWC9)
No. 2002 CA 0854.
Court of Appeal of Louisiana, First Circuit.
March 28, 2003.
*340 Paul J. Politz, Kristi Stroebel Burnthorne, New Orleans, Counsel for Defendant/Appellee, ExxonMobile.
John G. Robles, Cut Off, Plaintiff/Appellant In Proper Person.
Before: FOIL, McCLENDON, and KLINE,[1] J.J.
MCCLENDON, J.
On appeal in this workers' compensation case, the claimant asserts the workers' compensation judge (WCJ) erred in denying his motion to transfer the case to another venue and erred in granting summary judgment in favor of the employer and dismissing his lawsuit. For the following reasons, we affirm.
On March 6, 2001, Dr. Douglas Babel diagnosed John G. Robles with central serous retinopathy involving the right eye. On August 27, 2001, Robles filed a disputed claim for compensation in District 9 of the Office of Workers' Compensation against his employer, ExxonMobile, alleging he suffered from "right eye retina leakage due to high stress levels."
ExxonMobile answered with a general denial and, shortly thereafter, filed a motion for summary judgment. Subsequently, Robles filed a request for a change of venue from District 9 in Houma, Louisiana to District 8 in New Orleans, Louisiana, asserting he no longer worked in close proximity to the office of District 8.
After hearing the matters, the WCJ rendered judgment denying Robles' motion to transfer venue. The WCJ also granted summary judgment in favor of ExxonMobile and dismissed Robles' claims against it. Robles appeals.
Initially, Robles contends the WCJ erred in denying his motion to transfer his case from District 9 to District 8. Robles asserts that, after he filed his disputed claim for benefits, ExxonMobile transferred him from Grand Isle to New Orleans. He asserts that, because of this transfer, New Orleans is now the more convenient venue for him.
LSA-R.S. 23:1310.4 governs the situs or venue of workers' compensation proceedings. It provides, in pertinent part:
§ 1310.4. Place hearings to be held
A. (1) At the time a claim is initiated with the director, the claimant shall elect the situs of necessary hearings by the workers' compensation judge.
(2) If the claimant is a domiciliary of the state of Louisiana, he shall be required to elect either the judicial district of the parish of his domicile at the time he sustained his injury, the judicial district of the parish where the injury occurred, or the judicial district of the *341 parish of the principal place of business of the employer.

* * *
B. After the election has been made as provided above, all future hearings affecting the claimant's case shall be held in the judicial district so designated unless the workers' compensation judge, upon agreement by the claimant and the employer, shall transfer such cause for hearing to any other judicial district agreed upon. In addition, hearings may be held in any location if the workers' compensation judge determines that good cause has been shown.
It is undisputed that Robles' alleged injury occurred in Grand Isle, which is located in District 9. Also, at the time of the injury he was domiciled in Cut Off, Louisiana, which is located in District 9. He filed his claim in District 9, a proper situs under the statute. After the situs is selected by the claimant, the statute provides for a change only if both the employer and the employee agree to the change or the WCJ finds good cause to change the location of the future hearings. Herein, the employer did not agree to the change. Therefore, to prevail, Robles had to establish "good cause" to change the location of the hearings. In seeking a change of venue, Robles relied solely on the fact that he was transferred to New Orleans, while admitting that he continued to reside in Cut Off. Considering this evidence, we find no error on behalf of WCJ in denying the claimant's motion for a change in venue.
Robles further asserts the WCJ erred in granting summary judgment in favor of ExxonMobile. Summary judgment procedure is favored. LSA-C.C.P. art. 966 A(2). A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966 B, C(1). Appellate review of summary judgment is de novo, utilizing the same criteria that guide the trial court's grant of the judgment. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, p. 5 (La.2/29/00), 755 So.2d 226, 230.
When a motion for summary judgment is made and supported as provided by law, an adverse party may not rest on the mere allegations or denials of his pleading. His response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, will be rendered against him. LSA-C.C.P. art. 967; Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, pp. 7-8 (La.2/29/00), 755 So.2d 226, 231.
If the moving party will not bear the burden of proof at trial on the matter, that party's burden on a motion for summary judgment is to point out an absence of factual support for one or more essential elements of the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966 C(2).
LSA-R.S. 23:1031 A provides compensation if an employee sustains personal injury as the result of an accident arising out of and in the course of employment. Daspit v. Southern Eagle Sales & Services, Inc., 98-1685, p. 3 (La.App. 4 Cir. 1/20/99), 726 So.2d 1079, 1081, writ denied, XXXX-XXXX (La.6/15/01), 793 So.2d 1245. Therefore, to recover workers' compensation benefits, a claimant must establish a *342 causal link between the work-related accident and his injury. Rhodes v. Terrebonne Parish Sheriff, 2001-2279, p. 3 (La.App. 1 Cir. 6/21/02), 822 So.2d 114, 115.
ExxonMobile placed in the record on the motion for summary judgment a report authored by Dr. Babel in which he stated, "[Central serous retinopathy] is more common in individuals under high stress conditions, though no study has shown that this is causative." In another report, Dr. Babel stated that stress "has not been shown to be causative" of this condition. Additionally, Dr. Gerald Guidry, an ophthalmologist who treated Robles, opined that Robles' condition was not caused by stressful conditions. Because ExxonMobile did not bear the burden of proof at trial, this evidence was sufficient to show an absence of factual support for Robles' claim and to shift the burden of going forward to Robles.
At the hearing on the motion for summary judgment, Robles, who appeared in proper person, filed no evidence in opposition to ExxonMobile's motion for summary judgment to show that he could create a genuine issue of material fact for trial as to causation, an essential element of his claim. Rather, Robles argued that other expert evidence would prove causation at trial. However, merely referring to an expert will not defeat a properly supported motion for summary judgment. See Edwards v. Raines, 35,284, p. 8 (La. App.2 Cir. 10/31/01), 799 So.2d 1184, 1189. Thus, Robles failed to carry his burden of proving a causal relationship between the alleged accident and his condition. Therefore, summary judgment was appropriate. Considering our disposition of this issue, the other issues raised by Robles on appeal are pretermitted.
Accordingly, the judgment of the WCJ is affirmed. Costs are assessed to John G. Robles.
AFFIRMED.
NOTES
[1] Hon. William F. Kline, Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.