J^McCLENDON, J.
The salient issue raised on appeal in this workers’ compensation case is whether the workers’ compensation judge properly granted summary judgment in favor of several defendants upon a finding that those defendants were not the claimant’s statutory employer at the time the claimant was injured. For the following reasons, we affirm the judgment of the Office of Workers’ Compensation.
Patrick Anthony Morrissey, Jr., filed a disputed claim for workers’ compensation benefits against Jason Rhodes d/b/a Shady Tree Service (Shady Tree Service), Vernon E. Toups, Jr., Phyliss G. Toups, and T & T Rentals. Therein, he alleged that, on October 3, 2001, he was working for Shady Tree Service on premises owned by Vernon E. Toups, Jr., Phyliss G. Toups, and T & T Rentals[1] when a tree limb fell and struck his head. He sought wage and medical benefits.
Vernon E. Toups, Jr., Phyliss G. Toups, and T & T Rentals responded by filing a motion for summary judgment, asserting that they were not responsible to Morris-sey for workers’ compensation benefits as they were not Morrissey’s statutory employers. After hearing the matter, the workers’ compensation judge granted summary judgment in favor of Vernon E. *1210 Toups, Jr., Phyliss G. Toups, and T & T Rentals, dismissing Morrissey’s claim for benefits against these defendants. Mor-rissey appeals.
Louisiana Code of Civil Procedure article 966(B) provides that a motion for summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and | ¡¡that the mover is entitled to judgment as a matter of law. The burden of proof remains with the movant. However, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and summary judgment will be granted. LSA-C.C.P. art. 966 C(2); Robles v. Exxonmobile, 02-0854, p. 4 (La.App. 1 Cir. 3/28/03), 844 So.2d 339, 341.
The liability of Vernon E. Toups, Jr., Phyliss G. Toups, and T & T Rentals to Morrissey rests upon the test provided in LSA-R.S. 23:1061 for a principal’s liability to the employees of his contractor. That legislation provides that, in order for a principal to be considered a statutory employer, a written contract must exist between the principal and an independent contractor that specifically recognizes the statutory employer status of the principal. LSA-R.S. 23:1061A(3). An exception to that rule exists where the contractor was executing work that was “a part” of the trade, business or occupation of the principal. LSA-R.S. 23:1061 A(2).
It is undisputed that no written contract existed between Shady Tree Services, the contractor, and Vernon E. Toups, Jr., Phy-liss G. Toups, or T & T Rentals. Therefore, to prevail herein Morrissey must fall under the exception provided by LSA-R.S. 23:1061 A(2). That is, the work he performed at the time of his injury had to constitute a part of the trade, business, or occupation of Vernon E. Toups, Jr., Phy-liss G. Toups, and T & T Rentals. For purposes of this provision, work is “considered part of the principal’s trade, business, or occupation if it is an integral part of or l4essential to the ability of the principal to generate that individual principal’s goods, products, or services.” LSA-R.S. 23:1061 A(2).
Evidence before the workers’ compensation judge on the motion for summary judgment included the affidavit and deposition testimony of Vernon Toups. Therein, Vernon Toups attested that, although he had discussed with Jason Rhodes the possibility of Shady Tree Service trimming the trees on the property at issue, he had specifically instructed Rhodes to not do so until Toups advised him otherwise. Toups testified further that he had no employees to manage or maintain the property. He performed all work that he could handle himself and hired appropriate companies or individuals to perform the remainder of the work. For example, a plumbing company handled all plumbing needs, and an individual cut the grass. He had previously hired Shady Tree Service to trim the trees at his home and intended to hire someone to trim the trees at the apartment house where Morrissey was injured.
Vernon Toups’ testimony was not contradicted by any evidence presented on the motion for summary judgment, and no further evidence was admitted into evidence on the issue of statutory employer. Therefore, Morrissey failed to raise a genuine issue of material fact as to the nature of the business of these defendants. Fur *1211 thermore, it is clear that, under the facts of this case, an isolated act of tree trimming is not an integral part of the business of renting apartments. Therefore, as a matter of law, Vernon E. Toups, Jr., Phy-liss G. Toups, and T & T Rentals were not Morrissey’s statutory employers. The workers’ compensation judge correctly granted summary judgment in favor of these parties.[2]
| RFor the foregoing reasons, we affirm the judgment of the Office of Workers’ Compensation. Costs are assessed against Patrick Anthony Morrissey, Jr.
AFFIRMED.
PETTIGREW, J., concurs, and assigns reasons.

. At all times pertinent to this litigation, T & T Rentals was a partnership in which Vernon Toups and Phyliss Toups were the only members. T & T Rentals was utilized to manage two apartment houses owned by the Toupses, including the location at which Morrissey was injured.

. On appeal, Morrissey also questioned the admissibility of a deposition of Wilbur Duet, which the workers’ compensation judge referenced in his reasons for judgment. The factual information in that deposition that the workers' compensation judge relied upon is also contained in other, properly admitted evidence. Therefore, the deposition of Wilbur Duet is merely cumulative evidence, and a determination of the admissibility of that piece of evidence would not change the result herein. For this reason, we decline to reach this issue.