JAMES L. CANNELLA, Judge Ad Hoc.
1The Plaintiff, Lenora Jackson, appeals from a summary judgment granted to Defendant, Menard Dillard, in an automobile accident case. We reverse and remand.
On February 9, 2004, the Plaintiff was traveling southbound on Plank Road in Baton Rouge, Louisiana, a two-lane road, when she was struck head-on by a car driven by the Defendant, Gloriastine Dillard. The Defendant was traveling northbound on Plank Road in a car owned by her son, Menard Dillard (Dillard). Allegedly, she pulled out from behind another vehicle into the southbound lane heading directly toward the Plaintiffs vehicle. The Plaintiff claims that she stopped her car in the roadway waiting to see where the Dillard vehicle was going. The Defendant then drove head-on into the Plaintiffs vehicle.
The Plaintiff filed suit for damages on September 8, 2004 against the Defendant, Dillard, and his insurer, State Farm Mutual Insurance Company 3(erroneously named State Farm Insurance Company). The Plaintiff asserted that Dillard was negligent for, inter alia, permitting the reckless and negligent operation of the vehicle by “the defendant”, and permitting the car to be operated by an “incapable and unskilled” operator. Dillard filed an answer denying the allegations. On January 18, 2005, he filed a motion for summary judgment, with affidavits. In his affidavit, Dillard asserted inter alia that he had no knowledge of any medical condition or alleged problems with his mother’s medical condition at the time of the accident that would impair her driving. He asserted that his mother had driven the car without incident in the past. In the Defendant’s affidavit, she stated inter alia that she was not employed by or on a mission for her son at the time of the accident. In the Plaintiffs opposition affidavit, she disputed Dillard’s allegations relative to his lack of knowledge of his mother’s medical condition, stating that he informed her otherwise at the scene of the accident.
On February 28, 2005, Dillard filed a motion to strike the Plaintiffs affidavit, asserting that the statements relating to his alleged knowledge of any medical condition impairing his mother’s driving were hearsay. On March 17, 2005, the trial judge granted both motions, finding that the Plaintiffs affidavit contained allegations that would be inadmissible hearsay at trial.
On appeal, the Plaintiff asserts that the trial judge erred. She contends that the statements in the affidavit were not hearsay, and that those statements raise material issues of disputed fact relative to Dillard’s liability which precluded summary judgment.
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. MSOF Corp. v. Exxon Corp., 2004-0988 (La.App. 1st Cir.12/22/05), 934 So.2d 708, 714; Craig v. Bantek West, Inc., 2004-0229 (La.App. 1st Cir.9/17/04), 885 So.2d 1241, 1244-45;4 Western Sizzlin Steakhouse v. McDuffie, 2002-0935 (La.App. 1st Cir.3/28/03), 844 So.2d 355, 357, writ denied, 2003-1147 (La.6/20/03), 847 So.2d 1236. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966 A(2); MSOF Corp. v. Exxon Corp., 2004-0988 (La.App. 1st Cir.12/22/05), 934 So.2d 708, 714.
The motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on. file, together with any *134 affidavits, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B; MSOF Corp., supra.
In a motion for summary judgment, the burden of proof is on the mover. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require that all essential elements of the adverse party’s claim, action, or defense be negated. C.C.P. art. 966 C(2); MSOF Corp., supra. Instead, the mover need only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. MSOF Corp., supra. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La. C.C.P. art. 966 C(2); Robles v. ExxonMobile, 02-0854 (La.App. 1st Cir.3/28/03), 844 So.2d 339, 341.
“‘Hearsay’ is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted.” La.C.E. art. 801 C. Hearsay is not admissible except as Isprovided by the Code of Evidence or other legislation. La.C.E. art. 802. Therefore, in order to be admissible, a statement must either be defined as non-hearsay under La.C.E. art. 801 D, or must qualify as an exception to the hearsay rule. In Buckbee v. United Gas Pipe Line Co., Inc., 561 So.2d 76, 80 (La.1990), the Louisiana Supreme Court stated:
In its broadest sweep, the hearsay rule excludes all testimony regarding statements made out-of-court by declarants who at the time of making the statements were not under oath, not in the presence of the trier of fact, and thus not subject to cross-examination. By excluding testimony which fails these three requirements, the hearsay rule increases the reliability of in-court testimony, and seeks to admit only that testimony which the fact-finder can evaluate for the witness’s perception, memory, narration and sincerity. 4 J. Weinstein & M. Berger, Weinstein’s Evidence 800-1 to 800-5 (1988).
The Plaintiff argues that her statements are not hearsay under La.C.E. art. 801 D(2). La.C.E. art. 801 D does not set out exclusions to the hearsay rule, but describes statements that are not hearsay. La.C.E. art. 801 D(2) states that the following are not hearsay:
(2) Personal, adoptive, and authorized admissions. The statement is offered against a party and is:
(a) His own statement, in either his individual or a representative capacity;
(b) A statement of which he has manifested his adoption or belief in its truth; or
(c) A statement by a person authorized by him to make a statement concerning the subject. [Emphasis added.]
In the Plaintiffs affidavit, she contends that:
4. There is no truth to any allegation that defendant Menard Dillard is unaware of any medical condition that would inhibit his mother’s ability to drive said vehicle safely and without incident. Thru (sic) defendants’ own words he has indicated to me that he was fully aware of his mother’s medical condition and had discussed same with defendant Gloriastine Dillard in the past *135 and that her condition was one which has lasted for quite some time.
65. There is no truth to any allegation that defendant Menard Dillard is unaware of any medical condition that would inhibit his mother’s ability to drive said vehicle safely and without incident as he has given the investigating officer his mother’s residential address and his own residential address as one and the same.
6. There is no truth to any allegation that defendant Menard Dillard had no knowledge whatsoever of any details associated with the accident beforehand, other than an accident occurred thereafter. Defendant Menard Dillard was present on the scene and spoke with me while I waited for medical assistance.
The statements in the affidavit attempt to show that Dillard had knowledge that his mother should not have been driving. As he is a Defendant in the case, he is, thus, a party for all purposes. Thus, the statements relative to what he allegedly told the Plaintiff are not hearsay under La.C.E. art. 801 D(2).
Dillard argues, nevertheless, that the affidavit is insufficient to meet the requirements of La. C.C.P. art. 966, because it was not made on personal knowledge. We disagree. The Plaintiff indicates in the affidavit that Dillard told her that his mother had a medical condition that impaired her driving while at the scene of the accident. Thus, we find that she had sufficient personal knowledge to satisfy the affidavit requirement.
Accordingly, the summary judgment is hereby reversed and denied. The case is remanded for further proceedings.

REVERSED AND REMANDED.