GUIDRY, J.
 

 |2A repairman appeals a summary judgment in favor of a homeowner and the homeowner’s insurer, dismissing his claim of damages for injuries he sustained due to an allegedly defective condition in the home. We affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 In December 2004, Eric Paul McNeil, a heating and air conditioner repairman, visited a home in Slidell, Louisiana owned by Joseph J. Miller to fix the heating unit, which was located in the attic of the home. While climbing a set of stairs that folded down from a panel opening in the ceiling, the stairs detached from the ceiling, causing Mr. McNeil to fall and sustain injuries. Subsequently, Mr. McNeil filed a petition for damages against Mr. Miller, and Mr. Miller’s homeowner’s insurer, Liberty Mutual Fire Insurance Company, based on the injuries he sustained. In the petition, Mr. McNeil alleged that there was “a defect in the property, which was not apparent to [Mr. McNeil], and which defect caused the injury to [Mr. McNeil], In the alternative, the condition of the property was allowed to deteriorate and remain in disrepair, causing the attic stairway to detach from the ceiling and/or attic floor.” Mr. Miller and Liberty Mutual Fire Insurance Company (collectively “defendants”) denied liability for Mr. McNeil’s injuries in their answer to the petition.
 

 Thereafter, defendants moved for summary judgment seeking dismissal of Mr. McNeil’s petition, asserting that Mr. Miller was relieved of liability on two grounds. First, defendants asserted that prior to Mr. McNeil’s accident in the home, Mr. Miller had leased the home to Todd Sweeney, and in the lease agreement, Mr. Sweeney assumed responsibility for the condition of the leased premises to Mr. Sweeney in accordance with La. R.S. 9:3221. Alternatively, the defendants alleged that Mr. Miller was not liable under either La. R.S. 9:3221 or |sLa. C.C. art. 2322, because he neither knew nor had reason to know of the defect in the attic stairs. Mr. McNeil opposed the motion.
 

 Initially, the trial court denied the defendants’ motion for summary judgment, but on the defendants reurging of the motion on the basis that Mr. McNeil could not “prove that Joseph J. Miller either knew or should have known of any alleged defect in the attic stairs as required by La. R.S. 9:3221 and/or La. [C.C] art. 2322,” the trial court subsequently granted the motion. Summary judgment was rendered dismissing Mr. McNeil’s petition, which he appeals.
 

 ASSIGNMENTS OF ERROR
 

 Mr. McNeil contends that summary judgment was improperly rendered in this matter based on the following alleged errors:
 

 1. The trial court erred in determining that a trier of fact could not impute negligence to [Mr. Miller’s] home in
 
 *329
 
 spection contractor for failing to detect the defective installation of the attic stairwell in [Mr. Miller’s] residence.
 

 2. The trial court erred in failing to impute the negligence of [Mr. Miller’s] home inspection contractor to [Mr. Miller], which would thereby satisfy the legal requirement that the [Mr. Miller] had reason to know of a defect in the premises.
 

 3. The trial court erred in determining that [Mr. Miller] did not know or have reason to know of the defect in his property!,] which caused injury to the [Mr. McNeil].
 

 4. The trial court erred in determining that no genuine issue of material fact existed!,] which would preclude summary judgment in this case.
 

 STANDARD OF REVIEW
 

 A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). On a motion for summary judgment, the burden of proof is on the mover. If the moving party will not bear the burden of proof at trial on the matter, that party’s burden on |4a motion for summary judgment is to point out an absence of factual support for one or more essential elements of the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La. C.C.P. art. 966 C(2);
 
 Robles v. ExxonMobile,
 
 02-0854, p. 4 (La.App. 1st Cir.3/28/03), 844 So.2d 339, 341. An appellate court’s review of a summary judgment is de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate.
 
 R.G. Claitor’s Realty v. Rigell,
 
 06-1629, p. 4 (La.App. 1st Cir.5/4/07), 961 So.2d 469, 471-472,
 
 writ denied,
 
 07-1214 (La.9/21/07), 964 So.2d 340.
 

 DISCUSSION
 

 The accident from which this lawsuit stems was caused by a defect found in the attic stairs of a home owned by Mr. Miller. The legal basis for liability of a homeowner for injuries caused by a defect in the home is set out in the following Civil Code articles:
 

 Art. 2317.1. Damage caused by ruin, vice, or defect in things
 

 The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
 

 Art. 2322. Damage caused by ruin of building
 

 The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of rea
 
 *330
 
 sonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from lathe application of the doctrine of res ipsa loquitur in an appropriate case.
 

 Since they would not bear the burden of proof at trial, the defendants moved for. summary judgment by pointing out that Mr. McNeil would be unable to prove that Mr. Miller knew or in the exercise of reasonable care, should have known of the defect in the attic stairs.
 
 [1]
 
 In support of the motion for summary judgment, the defendants offered the affidavits of Mr. Miller and Mr. Sweeney and the deposition testimony of Mr. McNeil.
 

 In his affidavits, Mr. Miller stated that he purchased the home at 200 Cam-borne Lane with the intent of leasing the property. He stated that he never resided in the home nor had he ever climbed or used the attic stairs. Mr. Miller specifically denied knowing that the attic stairs were defective. Mr. Miller stated that in connection with his purchase of the house, he hired a professional home inspector to inspect the home. He further stated that he was never notified of a defect in the attic stairs by the lessee or any other person. He also stated that he had not replaced the attic stairs or hired anyone to replace the stairs since he purchased the house.
 

 Mr. Miller’s lessee, Mr. Sweeney, likewise attested that prior to Mr. McNeil’s accident, he had not climbed or used the attic stairs and was unaware of any defect in the stairs. He stated that prior to the accident, the stairs appeared to be in good condition. Mr. Sweeney stated that “[a]f-ter the [ijncident occurring on | (¡December 29, 2004, it appeared as though the attic stairs were held in place by only two nails on one side, but there is no way a person could have known that by looking at the attic stairs prior to the incident.”
 

 Finally, in his deposition, Mr. McNeil also testified that the stairs looked “normal” prior to his accident. He said he did not have any problems pulling the stairs down and that when he began climbing the steps, he stated “[i]t felt as normal as can be.” Mr. McNeil stated that the reason the attic stairs fell was because only four nails fastened the stairs to the attic opening. When asked whether a person using the stairs would notice that they were fastened to the attic opening with just four nails, Mr. McNeil replied: “You can’t notice it, because the trim molding is around it. You can’t notice it until you get up there.” He further stated that the defect was not “openly noticeable” and that “you would probably have to be completely up there looking at it, because it’s — the way they shim it in there, you would have to be pretty close to it to see it. I mean, you can’t tell just going up it.”
 

 In granting summary judgment, the trial court found that Mr. McNeil failed to meet his burden of producing factual support sufficient to establish that he would be able to satisfy his evidentiary burden of proof at trial and did not thereby establish a genuine issue of material fact. As dis
 
 *331
 
 cussed above, the evidence presented by the defendants clearly supported their assertion that Mr. McNeil would be unable to prove that Mr. Miller knew or should have known that the attic stairs were defective and Mr. McNeil failed to present any evidence establishing that Mr. Miller knew or should have known of the defect.
 

 Nevertheless, Mr. McNeil asserts that the home inspector hired by Mr. Miller should have discovered the defect in the stairs and his failure as a home inspector to do so is imputable to Mr. Miller. Mr. McNeil did not present any evidence of the standard of care or competency owed by the home inspector; |7instead, he relies on his deposition statement that a “pretty close” inspection of the stairs would have revealed the defect to establish the negligence of the home inspector. Even assuming that such evidence is sufficient to establish the negligence of the home inspector, we must reject Mr. McNeil’s assertion that such negligence is imputable to Mr. Miller.
 

 In order for the negligence of one person to be imputed to another, there must be some special vicarious relationship.
 
 Gaspard v. LeMaire,
 
 245 La. 239, 249-250, 158 So.2d 149, 152 (1963);
 
 Wille v. Courtney,
 
 06-231, p. 6 (La.App 5th C ir. 9/26/06), 943 So.2d 515, 518,
 
 writ denied,
 
 06-2608 (La.1/26/07), 948 So.2d 167;
 
 Busenlener v. Peck,
 
 316 So.2d 27, 31-32 (La.App. 1st Cir.1975). Absent such proof in the record before us, the failure of the home inspector to discover the defect in the attic stairs is not imputable to Mr. Miller. Mr. Miller’s hiring of the home inspector buttresses his argument that in exercise of reasonable care, he did not and should not have known of the defect in the stairs.
 
 See Dronette v. Shelter Ins. Co.,
 
 08-654, pp. 3-4 (La.App. 3d Cir.12/10/08), 998 So.2d 942, 945. Accordingly, we find no error in the summary judgment rendered by the trial court.
 

 CONCLUSION
 

 Considering the foregoing, we affirm the judgment of the trial court. All costs of this appeal are to be borne by the appellant, Eric Paul McNeil.
 

 AFFIRMED.
 

 [1]
 

 . The defendants also asserted the defense of a lack of knowledge under La. R.S. 9:3221. That statute provides:
 

 Notwithstanding the provisions of Louisiana Civil Code Article 2699, tire owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.
 

 However, as the trial court premised its ruling on La. C.C. arts. 2317.1 and 2322, we will limit our discussion to consideration of the application of these articles.