GUIDRY, J.
 

 |?In this medical malpractice action, plaintiff, Leonard Williams, individually and on behalf of the estate of Virginia Williams, appeals from a judgment of the trial court granting summary judgment in favor of defendants, Dr. Antonio Edwards, Louisiana Medical Mutual Insurance Company (LAMMICO), and Our Lady of the Lake Regional Medical Center (OLOL), and dismissing his claims against these defendants with prejudice. For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 On July 12, 2004, Virginia Williams was admitted to OLOL under the care of Dr. Edwards. Upon admission, Dr. Edwards ordered that support stockings be applied to both of Mrs. Williams’ legs. Thereafter, Mrs. Williams developed large wounds on her upper legs.
 

 Following Mrs. Williams’ death from unrelated causes, Mr. Williams, individually and on behalf of Virginia Williams’ estate, filed a petition for damages naming OLOL, Dr: Edwards, and LAMMICO as defendants. Defendants subsequently filed motions for summary judgment asserting that Mr. Williams was unable to sustain his burden of proving that defendants breached the standard of care owed to Mrs. Williams because Mr. Williams had offered no expert testimony as to the applicable standard of care and whether the standard of care was breached. Mr. Williams responded by filing an opposition to the motions for summary judgment with an attached affidavit from Scott Sondes, M.D.
 

 At the hearing on the motions for summary judgment, the defendants sought to strike and exclude Dr. Sondes’ affidavit as untimely and also sought to strike and exclude the affidavit on the basis that Dr. Sondes is not qualified to offer an expert opinion as to the standard of care required of Dr. Edwards. After hearing argument, the trial court ruled that the affidavit was timely, but ultimately determined that it was inadmissible because it did not ad
 
 *999
 
 dress the issues brought |sout in the petition and was insufficient to sustain Mr. Williams’ burden of proof. Accordingly, the trial court signed a judgment granting the defendants’ motions for summary judgment and dismissed Mr. Williams’ claims against them with prejudice. Mr. Williams now appeals from this judgment.
 

 DISCUSSION
 

 A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B);
 
 McNeil v. Miller,
 
 08-1973, p. 3 (La.App. 1st Cir.3/27/09), 10 So.3d 327, 329.
 

 The burden of proof on a motion for summary judgment is on the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. Thereafter, if the adverse party fails to provide evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La. C.C.P. art. 966(C)(2);
 
 Robles v. ExxonMobile,
 
 02-0854, p. 4 (La.App. 1st Cir.3/28/03), 844 So.2d 339, 341.
 

 In ruling on a motion for summary judgment, the trial court’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of material fact.
 
 Hines v. Garrett,
 
 04-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765. Because it is the applicable substantive law that determines materiality, whether a particular fact in |4dispute is “material” for summary judgment purposes can only be seen in light of the substantive law applicable to the case.
 
 Richard v. Hall,
 
 03-1488, p. 5 (La.4/23/04), 874 So.2d 131, 137.
 

 In a medical malpractice action against a physician, the plaintiff must establish by a preponderance of the evidence the applicable standard of care, a violation of that standard of care, and a causal connection between the alleged negligence and the plaintiffs injuries.
 
 See
 
 La. R.S. 9:2794(A). Likewise, in a medical malpractice action against a hospital, the plaintiff must prove that the hospital caused the injury when it breached its duty.
 
 Cangelosi v. Our Lady of the Lake Regional Medical Center,
 
 564 So.2d 654, 661 (La.1989). Expert testimony is generally required to establish the applicable standard of care and whether that standard of care was breached, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony.
 
 Pfiffher v. Correa,
 
 94-0924, 94-0963, 94-0992, pp. 9-10 (La.10/17/94), 643 So.2d 1228, 1233-1234.
 

 In support of their motion for summary judgment, defendants submitted Mr. Williams’ petition for damages, Mrs. Williams’ medical records, and Mr. Williams’ responses to requests for admissions. The medical records indicated that on July 14, 2004, Dr. Edwards ordered that support hose and pumps be placed on Mrs. Williams’ legs. On July 16, 2004, the records indicate that a blister was noted on Mrs. Williams’ left inner thigh, and on
 
 *1000
 
 July 17, 2004, an ulcer was noted on her left thigh. Further, Mr. Williams’ petition alleged that OLOL and Dr. Edwards left support stockings on Mrs. Williams’ legs unattended for an extended period of time causing large deep wounds in her upper legs. Accordingly, in their requests for admissions, defendants asked Mr. Williams to identify the name of any medical expert who may have rendered an opinion regarding the applicability of the standard of care and that OLOL and Dr. Edwards deviated from that standard of | scare. However, in his responses, Mr. Williams failed to provide defendants with any of the requested information regarding expert testimony.
 

 It is uncontested that expert medical testimony is necessary to prove Mr. Williams’ claims. The petition shows that the medical malpractice alleged by Mr. Williams is not of the type that is so egregious that malpractice would be obvious to a lay person.
 
 Pfiffner,
 
 94-0924 at pp. 9-10, 643 So.2d at 1233-1234. Accordingly, because the defendants pointed out that Mr. Williams had not produced any information regarding expert testimony necessary to establish the applicable standard of care and whether that standard of care was breached, the burden of proof shifted to Mr. Williams to provide evidence that he would be able to satisfy his evidentiary burden of proof at trial.
 
 See Samaha v. Rau,
 
 07-1726, pp. 5-6 (La.2/26/08), 977 So.2d 880, 884;
 
 see also
 
 La. C.C.P. art. 966(C)(2).
 

 In opposing the defendants’ motion for summary judgment, Mr. Williams submitted the affidavit of Scott Sondes, M.D. Dr. Sondes is a physician licensed in Louisiana and specializing in physical medicine and rehabilitation/internal medicine and wound care. However, following a hearing on the defendants’ motion to strike and exclude Dr. Sondes’ affidavit, the trial court ruled that the affidavit was inadmissible.
 

 The admission of expert testimony is governed by La. C.E. art. 702:
 

 If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.
 

 A trial court is accorded broad discretion in determining whether expert opinion evidence should be held admissible and its decision will not be overturned absent an abuse of discretion.
 
 See MSOF Corporation v. Exxon Corporation,
 
 04-0988, p. 11 (La.App. 1st Cir.12/22/05), 934 So.2d 708, 717,
 
 writ denied,
 
 06-1669 (La.10/6/06), 938 So.2d 78.
 

 | (¡Louisiana Revised Statute 9:2794(A) provides that in a medical malpractice action, the plaintiff has the burden of proving:
 

 (1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians ... licensed to practice in the state of Louisiana and actively practicing in a similar community or locale under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians ... within the involved medical specialty.
 

 In his affidavit, Dr. Sondes is identified as a physician licensed in Louisiana who specializes in physical medicine and rehabilitation/internal medicine and wound care; practices in inpatient and outpatient wound care and long term acute care hospitals; and admits on his own internal medicine service, as well as acts as a con
 
 *1001
 
 sultant to other internists in the fields of physiatry and wound care. Dr. Sondes stated that based on his experience as a physician specializing in wound care and physiatry and internal medicine, and based on the records and facts of this case, it was his medical opinion that Dr. Edwards fell below the standard of care: (1) by failing to properly assess Mrs. Williams physically and diagnose multiple pressure ulcers to her sacral and ischial areas; (2) by failing to address nutritional deficits and hypoal-buminemia issues that contributed to the development of Mrs. Williams’ wounds; (3) by following the recommendations of the wound ostomy nurses and prescribing wet-to-dry dressings as an outpatient treatment plan for the wounds described; and (4) by failing to properly treat these wounds with techniques and treatment options more appropriate with today’s standard of care such as sharp debridement with surgical instruments and application of other treatment devices such as a negative pressure wound vacuum.
 

 Further, with regard to OLOL, Dr. Sondes stated that it was his medical opinion that OLOL, through its nurses, fell below the standard of care in not accurately charting the development of these wounds and treatment plans used to 17address these wounds, nor did they properly address other issues involved in the care of Mrs. Williams and the prevention of these wounds.
 

 In determining that Dr. Sondes’ affidavit was inadmissible, the trial court specified that (1) Dr. Sondes addresses areas of the body different from those alleged in the petition as the source of the malpractice and (2) there is no indication when he addressees a proper standard of care that he is addressing a proper standard of care for these two defendants or a standard of care associated with his expertise in wound care and long term acute care hospitals.
 

 The admissibility of expert testimony under La. C.E. article 702 turns upon whether the evidence would assist the trier of fact to understand the evidence or to determine a fact in issue.
 
 Cheairs v. State, Department of Transportation and Development,
 
 03-0680, p. 8 (La.12/3/03), 861 So.2d 536, 541-542. Based on the allegations contained in Mr. Williams’ petition, the issue before the court is whether the large wounds on Mrs. Williams’ upper legs were caused by breaches in the applicable standard of care by Dr. Edwards and OLOL. However, Dr. Sondes’ affidavit refers to Mrs. Williams’ wounds as being in the sacral and ischial areas. These areas, as defined,
 
 [1]
 
 are located in the pelvis. Therefore, whether Dr. Edwards and OLOL breached any standard of care with regard to injuries to Mrs. Williams’ pelvis would not assist the trier of fact in determining the issue before the court.
 

 Further, while the information in Dr. Sondes’ affidavit indicates that he is knowledgeable about wound care and treatment and practice in wound care and long term acute care hospitals, it is unclear from the face of the affidavit if he is offering an opinion as to the standard of care to be exercised by a family practice |sphysician, such as Dr. Edwards, and a general hospital, such as OLOL,
 
 [2]
 
 or if he is referring to the standard of care to be exercised by a physician and hospital practicing in his particular areas of specialty. Therefore, based on our review of the rec
 
 *1002
 
 ord before us, we cannot say that the trial court abused its discretion in ruling that Dr. Sondes’ affidavit was inadmissible.
 

 Finally, because we find that the trial court did not abuse its discretion in excluding Dr. Sondes’ affidavit from evidence at the hearing on the motion for summary judgment, and Mr. Williams produced no other evidence to establish the applicable standard of care and that the standard of care was breached, we likewise find that Mr. Williams failed to establish that he would be able to satisfy his evidentiary burden of proof at trial, and the trial court was correct in granting summary judgment in favor of Dr. Edwards and OLOL.
 

 CONCLUSION
 

 For the foregoing reasons, we affirm the judgment of the trial court granting summary judgment in favor of Dr. Edwards and OLOL and dismissing Mr. Williams’ claims against them with prejudice. All costs of this appeal are to be borne by the plaintiff, Leonard Williams, individually and on behalf of the estate of Virginia Williams.
 

 AFFIRMED.
 

 PETTIGREW, J., Concurs.
 

 [1]
 

 . The sacrum is defined as the back of the pelvis and the ischium is defined as the lower part of the hipbone. Ida G. Dox, et al.,
 
 Attorney's Illustrated Medical Dictionary
 
 S2, 134 (1997).
 

 [2]
 

 . It is undisputed that Dr. Edwards practices in the area of family medicine. Further, there is no evidence in the record to suggest that OLOL is a specialty hospital like those to which Dr. Sondes admits patients.