LINDA RAINEY,
v.
A ACADIAN INC. D/B/A PLANK ROAD CLEANERS, ABC MANUFACTURING, INC., XYZ INSURANCE COMPANY & X INSURANCE COMPANY.
No. 2009 CA 1437.
Court of Appeals of Louisiana, First Circuit.
March 26, 2010.
Not Designated for Publication
TOM WITHERS, III, Baton Rouge, LA, Counsel for Plaintiff/Appellant, Linda Rainey.
MARTIN E. GOLDEN, Baton Rouge, LA, Counsel for Defendant/Appellee, A Acadian Inc. d/b/a Plank Road Cleaners & Twin City Fire Insurance Company.
Before: CARTER, C.J., GUIDRY, and PETTIGREW, JJ.
GUIDRY, J.
Plaintiff, Linda Rainey, appeals from a judgment of the trial court granting summary judgment in favor of defendant, A Acadian, Inc. d/b/a Plank Road Cleaners ("Plank Road Cleaners") and dismissing her claims against it with prejudice. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
Linda Rainey worked at Plank Road Cleaners as a jean presser. On or about January 25, 2007, William Dickerson, owner of Plank Road Cleaners, asked Rainey to operate the shirt press. However, while operating the shirt press, the top of the press closed and clamped down on Rainey's left arm and hand, resulting in injury.
On January 23, 2008, Rainey filed a petition for damages against Plank Road Cleaners, asserting that it intentionally exposed her to an unreasonable risk of bodily injury while performing duties within the course and scope of her employment. Thereafter, Plank Road Cleaners filed a motion for summary judgment, asserting that there is no genuine issue of material fact that the accident was not the result of an intentional act, and therefore, because Rainey was in the course and scope of her employment at the time of the accident, her exclusive remedy against it for any non-intentional act is workers' compensation.
Following a hearing on the motion, the trial court granted summary judgment in favor of Plank Road Cleaners and dismissed Rainey's claims against it with prejudice. Rainey now appeals from this judgment.

DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); McNeil v. Miller, 08-1973, p. 3 (La. App. 1st Cir. 3/27/09), 10 So. 3d 327, 329.
The burden of proof on a motion for summary judgment is on the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. Thereafter, if the adverse party fails to provide evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La. C.C.P. art. 966(C)(2); Robles v. ExxonMobile, 02-0854, p. 4 (La. App. 1st Cir. 3/28/03), 844 So. 2d 339, 341.
In ruling on a motion for summary judgment, the trial court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of material fact. Hines v. Garrett, 04-0806, p. 1 (La. 6/25/04), 876 So. 2d 764, 765. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is "material" for summary judgment purposes can only be seen in light of the substantive law applicable to the case. Richard v. Hall, 03-1488, p. 5 (La. 4/23/04), 874 So. 2d 131, 137.
Louisiana Revised Statute 23:1032(B) provides an exception to the exclusivity provisions of the Louisiana workers' compensation laws for acts constituting intentional torts:
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
The Louisiana Supreme Court has held that the meaning of "intent" in this context is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result. Reeves v. Structural Preservation Systems, 98-1795, p. 6 (La. 3/12/99), 731 So. 2d 208, 211.
"Substantially certain to follow" requires more than a reasonable probability that an injury will occur, and "certain" has been defined to mean "inevitable" or "incapable of failing." A distinguishing feature in determining whether the conduct complained of meets the "substantial certainty" test is whether the event has occurred before or whether the injury has manifested itself before. Abney v. Exxon Corp., 98-0911, p. 7 (La. App. 1st Cir. 9/24/99), 755 So. 2d 283, 288, writ denied, 99-3053 (La. 1/14/00), 753 So. 2d 216. Further, mere knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton conduct by an employer constitute intentional wrongdoing. Reeves, 98-1795 at pp. 9-10, 731 So. 2d at 213. Finally, the Louisiana Supreme Court and Courts of Appeal have narrowly construed the intentional act exception according to its legislative intent and consistent with the policy rationale of the workers' compensation act. Reeves, 98-1795 at p. 7, 731 So. 2d at 211; King v. Schuylkill Metals Corp., 581 So. 2d 300, 302 (La. App. 1st Cir.), writ denied, 584 So. 2d 1163 (La. 1991).
In the instant case, Plank Road Cleaners submitted the affidavit of William Dickerson in support of its motion for summary judgment. In his affidavit, Dickerson stated that he owns and personally manages the operations of Plank Road Cleaners. Dickerson stated that the shirt press machine at issue has been located at Plank Road Cleaners and has been used by numerous employees, including himself, in its normal operations for at least ten years before the subject accident, and no one has complained about any malfunction in the shirt press during that time. Additionally, Dickerson stated that he and others have used the shirt press machine since the date of the accident without incident. Finally, Dickerson stated that on the date of the accident, he did not intend for Rainey to operate a malfunctioning shirt press, nor did he intend or desire that she be injured while using the shirt press or otherwise in performing her duties.
In response, Rainey submitted her sworn affidavit, as well as a report from a mechanical engineer, A.J. McPhate. In her affidavit, Rainey stated that she has been employed in the dry cleaning business for eighteen years and has only used pressing machines that require the operator to press two closure valves to close the pressing head. On the date of the accident, Rainey assumed that the shirt press machine operated in the same manner as other pressing machines and at no time was she aware that the machine at issue operated solely by pressing the right valve. Rainey stated that she continued to operate the shirt press by pressing both valves, but while holding a sleeve on the press with her left hand, her right hand inadvertently touched the right closure valve, whereupon the press head closed on her left arm and hand. According to Rainey, no one with Plank Road Cleaners ever notified her that the left valve on the shirt press machine was not functioning.
Further, the report of A.J. McPhate states that given the appearance of the machine, Rainey's familiarity with such machines and their normal controls, and the lack of instruction as to the control configuration, it was virtually inevitable that an inadvertent press closure with injury would occur.
However, neither Rainey's affidavit nor McPhate's report state that Plank Road Cleaners knew that the result, i.e. injury to Rainey's arm, was substantially certain to follow from its' conduct. See Bazley v. Tortorich, 397 So. 2d 475, 482 (La. 1981). Accordingly, we find the trial court was correct in granting summary judgment in favor of Plank Road Cleaners.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court, granting summary judgment in favor of A Acadian Inc., d/b/a Plank Road Cleaners and dismissing Linda Rainey's claims with prejudice. Given Linda Rainey's pauper status, we decline to assess to her costs of this appeal.
AFFIRMED.